MRS. D. LUMPKIN v. DURHAM BUILDING AND INVESTMENT
COMPANY.

, (Filed 26 April, 1933.)

1. Building and Loan Associations D a—

A borrowing stockholder of a building and loan association occupies
a dual relationship to the association, and his rights and liabilities in
each capacity are independent and must be determined by his contracts
with the association.

2. Same—Borrowing stockholder held entitled to have payments made
prior to specified date applied to loan under the terms of his con-
tract.

Where the deed of trust executed by a borrowing stockholder of a build-
ing and loan association provides that the monthly sums paid by the
borrower and entered on his pass book should be credited to his indebted-
ness on the last days of June and December of each year, and the parties
have so construed the contract by applying the payments in accordance
therewith, and the stock subscribed to by the borrower was its optional
payment stock issued under its by-laws which imposed no fine for failure
to make regular payments thereon, C. S., 5177: Held, upon the placing of
the association in the hands of a liquidating agent, during the first part
of December, 1932, the borrower was entitled to have all monthly pay-
ments made by him prior to 1 July, 1932, applied on his loan, and all
subsequent payments after 1 July, 1932, should be applied to the payment
of the stock subscribed for by him. Rendleman v. Stoessel, 195 N. C., 640,
distinguished on the basis of the contract between the parties.

CLARKSON, J., concurs in the result.

APPEAL by Claud Currie, liquidating agent of the defendant, from
Small, J., at January Term, 1933, of DURHAM. Affirmed.

This action was begun by the plaintiff, a stockholder of the de-
fendant corporation, in the Superior Court of Durham County on 30
November, 1932. At December Term, 1932, of said court, Claud Currie
was appointed liquidating agent of the defendant. He is now engaged in
the performance of his duties as such liquidating agent under the orders
of the court.

The action was heard at the January Term, 1933, of said court on the
petition of Dr. Foy Roberson, a stockholder and borrower of the de-
fendant, for an order authorizing and directing the liquidating agent
to accept from the petitioner the balance due on his indebtedness to the
defendant in full discharge of the same, and upon the payment of the
said sum by the petitioner, to cancel the deed of trust by which the
said indebtedness was secured.

On the facts agreed upon at the hearing, it was adjudged by the court
that the balance due by the petitioner on his indebtedness to the de-

fendant, secured by the deed of trust, is $18,083.99, with interest from 1 July, 1932.

It was ordered by the court that the liquidating agent be and he was authorized and directed to accept from the petitioner, in full discharge of his indebtedness to the defendant, the sum of $18,083.99, with interest from 1 July, 1932, and upon the payment by the petitioner of said sum, to cancel the deed of trust by which said indebtedness was secured.

From this order, Claud Currie, liquidating agent of the defendant, appealed to the Supreme Court.

*Morehead & Murdock for the petitioner.*
*McLendon & Hedrick for the liquidating agent.*

CONNOR, J. The defendant is a corporation organized under the laws of this State, and prior to the commencement of this action, engaged in business as a building and loan association, C. S., 5169-5193. As authorized by its by-laws, which were duly adopted by its board of directors, the defendant issued three classes or kinds of stock: Serial stock; (2) prepaid stock; and (3) optional payment stock. The defendant was authorized by statute to issue as many series, or classes and kinds of stock as were provided for in its charter or by-laws. C. S., 5177. No entrance or withdrawal fee was charged to subscribers for its optional payment stock, nor were any fines or penalties imposed upon the holders of such stock for failure to make regular payments on their shares.

During February, 1927, Dr. Foy Roberson subscribed for 290 shares of the optional payment stock of the defendant, and thereby became a member of the defendant association. As such stockholder and member, he applied to the defendant for a loan of $29,000, to be paid in accordance with the provisions of defendant's by-laws, and to be secured by a deed of trust executed by Dr. Roberson and his wife. The loan was made on 12 March, 1930, in accordance with the application, and the deed of trust was duly executed, and recorded. The terms upon which the loan was made, and upon which it was to be paid are fully set out in the deed of trust.

In accordance with his contract with the defendant, Dr. Roberson paid to the defendant, each month after the loan was made, the sum of $290.00. These monthly payments were entered in the pass book issued to Dr. Roberson by the defendant, and also on the books of the defendant, as they were made by him. On the last days of June and December of each year, in accordance with the provisions of the deed of trust, the aggregate amount of these monthly payments for the preceding six months, was applied by the defendant as a payment on the loan. No part of such amount was applied as a payment on the shares of stock for

which Dr. Roberson had subscribed. The amount due by Dr. Roberson on his loan on the first days of July and January of each year, was thus ascertained and determined in accordance with the provisions of the deed of trust. Interest was computed on such amount at the date of each subsequent payment.

The amount due on the loan, as shown by the pass book in the hands of Dr. Roberson, and by the books of the defendant, on 1 July, 1932, was $18,083.99. None of the monthly payments made by Dr. Roberson after 1 July, 1932, and prior to the commencement of this action, had been applied as a payment on the loan. The aggregate amount of such payments is $1,449.99.

It does not appear from the statement of facts agreed submitted to the court at the hearing of the petition filed by Dr. Roberson in this action, that the defendant corporation was insolvent at the date of the commencement of this action, or that it is now insolvent.

The court was of opinion and so adjudged that Dr. Roberson, as a borrower of the defendant, was entitled to have all the monthly payments made by him prior to 1 July, 1932, applied as credits on the amount of his indebtedness to the defendant but that payments made since 1 July, 1932, and prior to the commencement of the action, should be applied on the shares of stock for which he had subscribed. In this, there was no error.

The petitioner, Dr. Roberson, at the date of the commencement of the action, occupied a dual relation to the defendant. He was both a stockholder and a borrower. These relations are independent, the one from the other. His rights and liabilities growing out of each of these relations are determined by his contracts with the defendant. Only his rights and liabilities as a borrower of the defendant are involved in this appeal. Both are fixed by his contract, as appears in his deed of trust. Under this contract all the monthly payments made by him were to be applied on the last days of June and of December of each year, as credits on the amount of his indebtedness to the defendant.

This case is readily distinguishable from *Rendleman v. Stoessel,* 195 N. C., 640, 143 S. E., 219. In that case, all payments made by the defendant were made on the shares of stock for which he had subscribed, while in the instant case, all payments made by the petitioner were made on the amount of his indebtedness to the defendant, and were applicable to such indebtedness on the last days of June and December of each year. This is the construction of the contract made by the parties thereto prior to the commencement of this action. *Lewis v. Nunn,* 180 N. C., 159, 104 S. E., 470. There is no error in the order. It is

Affirmed.

CLARKSON, J., concurs in result.