This was a summary ejectment proceeding, instituted by plaintiff lessor to eject defendant lessee from certain premises in the city of Fayetteville.
The lease, dated 8 February, 1933, was for a period of two years from 1 February, 1933, with right to lessee to renew the lease at its expiration for an additional two years at a stipulated rental, and contained this provision: "This lease is made subject to an option to the United States Government, which has not yet expired, to buy said property." The original lessees, B. J. Holleman and C. M. Johnson, assigned said lease *Page 15 
to the defendant. Plaintiff, on 11 November, 1932, gave to the Secretary of the Treasury of the United States a "site proposal" or offer to sell the described premises for $30,000, and on 26 September, 1934, a proposal in same form at the price of $28,000. There was no time limit in either proposal. On 1 October, 1934, plaintiff was notified by the Post Office Department that the Government would exercise its option to purchase said property, and on 1 November, 1934, plaintiff gave defendant written notice to vacate, which defendant refused to do.
From an adverse judgment by the justice of the peace, defendant appealed to the Superior Court.
In the Superior Court it was agreed that the court might hear the evidence, find the facts, and enter judgment thereon.
The trial judge found the following facts:
"It is alleged in the complaint and admitted in the answer that the defendants entered into said contract with knowledge of the fact that the United States Government held an option upon said property, to purchase the same, and there is no attack made by the defendant upon the validity or the terms of said option; and the only defense set up by the defendants is that they will be damaged in a large sum of money if they are now required to vacate said premises.
"The plaintiff offered in evidence those parts of the complaint contained in `Article 3' thereof, pertaining to the lease and its terms, and that part of paragraph 3 of the answer, in so far as it admitted said allegations; the plaintiff offered said lease in evidence, a copy of which is hereto attached, marked Exhibit A, and made a part of this judgment; plaintiff also offered in evidence a letter from the defendants to Brown and Williams, Attorneys at Law, Morris Building, Philadelphia, Pa., dated 16 November, 1932, in which they state that they were unable to get a lease upon the property in question except upon the condition that a provision be included to vacate the same in the event that a sale was made thereof to the Government, and further stating that such provision makes it considerably less desirable, as there would be considerable expense in moving a laundry, as well as the loss of business while it is closed; plaintiff offered certified copy of option made by the United States Government, dated 1 November, 1932, and also offered certified copy of `site proposal,' dated 26 September, 1934, both of which are hereto attached and made a part of these findings of facts.
"J. R. Jones, commanding officer of the plaintiff, testified that after the plaintiff had notified the defendants to vacate the premises, on or about 1 November, 1934, he had a conversation with C. M. Johnson, president of the defendant, and with Mr. Wray, its secretary and treasurer, in which the option of the Government and the contract were discussed, and that they both said they would vacate the premises; he also testified that the Government had insisted upon the plaintiff for a deed and was *Page 16 
ready to exercise its option and to take over the property and pay for the same, but that the plaintiff was unable to do so, because the defendants had refused to vacate.
"There was no evidence offered by the defendant in contradiction of any part of the plaintiff's testimony or of the plaintiff's documentary evidence.
"The court finds as a fact that the United States Government, acting through its proper departments, is now undertaking to exercise said option and to erect upon the property a large, commodious building, which is to be a part of the Fayetteville Post Office, that the Government stands ready, able, and willing to pay for said property, and will pay the contract price, as soon as it is let into the possession of the same; that the defendant is in the wrongful and unlawful possession of said property, and the plaintiff is entitled to a writ of assistance, commanding the sheriff to eject the defendant from said property and to put the plaintiff in the possession thereof."
Thereupon, it was adjudged that plaintiff was entitled to the immediate possession of the lands described, and that defendant be ejected.
From judgment rendered, defendant appealed to this Court.
The facts found by Judge Grady fully support the judgment.
Defendant demurred ore tenus that the complaint does not state facts sufficient to constitute a cause of action, and for that there is a defect of parties plaintiff. This cannot be sustained.
Where lessor has contracted to sell the leased premises and the lessee refuses to vacate, action may be properly brought in the name of the lessor. Shelton v. Clinard, 187 N.C. 664.
The provision in the lease that it is made "subject to an option to United States Government" seems to have been interpreted by the parties to mean that the lease would terminate in the event the United States Government exercised its option, and it was so found by the court below. In determining the meaning of an indefinite or ambiguous contract, the construction placed upon it by the parties themselves is to be considered by the court. Lewis v. Nunn, 180 N.C. 159; Lumpkin v. Investment Co.,204 N.C. 563.
Defendant's motion for judgment of nonsuit was properly overruled.
It is admitted that defendant vacated the premises in accordance with the judgment and is no longer in possession.
The judgment is
Affirmed. *Page 17