DOCK LAMM ET AL. v. FLORENCE LAMM AND H. R. HINTON ET AL.

(Filed 17 September, 1913.)

1. Trials—Deeds and Conveyances—Fraud and Undue Influence—Quantum of Proof.

Where the validity of a deed to lands is attacked on the ground of fraud and undue influence in its procurement, the plaintiff is only required to prove his allegation thereof by the greater weight of the evidence.

2. Lis Pendens—Purchaser—Notice.

Where in an action to set aside a deed to lands on the grounds of fraud and undue influence, the complaint has been filed containing the necessary allegations and a sufficiently definite description of the lands, a subsequent purchaser takes with notice of the plaintiff's rights, the action being *lis pendens*, and acquires the lands subject to their determination.

3. Same—Trials—Fraud and Undue Influence—Judgments—Trusts and Trustees—Quantum of Proof.

Where judgment has been obtained in plaintiff's favor in his action to set aside a deed to lands for fraud and undue influence, and a purchaser, taking subject to the plaintiff's rights, claims the title under his deed, it is proper for the judgment to declare him the holder of the legal title, in trust for the plaintiff, and direct him to convey accordingly; and as such purchaser claims under the deed sought to be set aside for fraud and undue influence, the rule as to the evidence required is not affected.

**4. Trials—Deeds and Conveyances—Fraud and Undue Influence— Evidence—Res Gestæ.**

The evidence in this case to set aside a· deed for fraud and undue influence, relating chiefly to facts and circumstances in the association between the grantor and grantee, tending to show the extent of the undue influence exerted and the objectionable means by which it was acquired, is held relevant, and competent as a part of the *res gestæ.*

APPEAL by defendant Hinton from *Lyon, J.,* at June Term, 1913, of EDGECOMBE.

This action was instituted by plaintiffs, the heirs at law and children by a former wife of Matthew T. Lamm; that their mother having died, the father intermarried with defendant Florence Lamm, and, on 21 December, 1908, said Matthew Lamm, having sold a piece of land in Wilson County, purchased the land in controversy lying in Edgecombe County, from W. J. Taylor and wife, and the deed therefor was made from said Taylor to Florence Lamm, the second wife, and that said deed was so made by reason of the fraud and undue influence exercised by said Florence. The allegations were denied by defendant. After action commenced and complaint and answer filed, fully describing the land, defendant Florence sold and conveyed the land to George T. Dawes, to wit, in January, 1912, and thereafter and pending the controversy said Dawes sold and conveyed it to H. R. Hinton, who was made party and filed his answer, asserting ownership of the property in December, 1912.

The jury rendered the following verdict:

"Did Florence Lamm, by undue influence and fraud, induce her husband, Matthew T. Lamm, to have deed from W. J. Taylor and wife made to her? Answer: Yes."

Judgment on the verdict for plaintiffs, and defendant Hinton excepted and appealed.

*Finch & Connor and Gilliam & Gilliam for plaintiff.*

*E. B. Grantham, M. V. Barnhill, and T. T. Thorne for defendant.*

HOKE, J., after stating the case: In *Harding v. Long,* 103 N. C., 11, *Associate Justice Avery* delivering the opinion, classifies cases of this kind in reference to the degree of proof required to establish the determinative issues as follows:

"The rule governing the quantum and quality of proof required to sustain allegations of fraud, undue influence, and mistake in the execution of written instruments, and to establish resulting trusts, is as follows:

"(1) In cases in which relief is sought on the ground of mutual mistake, mistake of one party and fraud on the part of the other, or that a deed was drawn by mistake as an absolute deed, when it was intended as a mortgage or deed of trust, or it is sought to establish a resulting trust, based on a verbal agreement to buy for another, or to set up a lost deed, in all these cases such allegations, of the party seeking relief, as are necessary to show his right to it, must be established by clear and convincing proof; and evidence *dehors* the deed and inconsistent with it must be shown.

"(2) But where it is sought to have a deed declared void because its execution was obtained by false and fraudulent representations or undue influence, or because it was executed with intent to hinder, delay, or defeat creditors, the allegations material to establish the fraud must be proven so as to produce belief of their truth in the minds of the jury, or so as to satisfy the jury of their truth, or to the satisfaction of the jury."

The case before us comes within the second of these classifications, and the court committed no error in holding that plaintiffs were only required to establish the issue submitted by the greater weight of the evidence.

It is true that the judgment declares Hinton the holder of the legal title, in trust for the claimants, and directs him to convey; but this was not to correct the deed as made by Taylor nor to establish any claim as against him, but the rights of these parties accrued by reason of the fraud and undue influence on the part of the defendant Florence. That was the determinative question involved in the issue, and the judgment was the correct method of establishing the right of plaintiffs as against said

Florence, the beneficiary of the fraudulent deed; and this, as we have seen, may be properly shown by the greater weight of the evidence.

The objections to the rulings of the court as to the admission of testimony are without merit.. They were chiefly facts and circumstances in the association between Matthew Lamm and the defendant Florence, his wife, and tending as they did to show the extent of her influence over him and the objectionable means by which they were acquired, were all part of the *res gestœ* or relevant facts in the *res gestœ,* and were very properly admitted. *Fraly v. Fraly,* 150 N. C., 501.

Defendant Hinton and his immediate grantor, Dawes, having bought and received their title pending the controversy and after complaint filed fully describing the property situate in the same county, hold the same subject to the results of the suit. *Lee v. Giles,* 161 N. C., 548; *Arrington v. Arrington,* 114 N. C., 151.

There is no error in the record, and the judgment entered is affirmed.

No error.