## ELIZABETH GLENN v. JOHN S. GLENN.

### (Filed 27 October, 1915.)

**1. Equity—Parol Trusts—Quantum of Proof—Instructions—Trials.**

In an action to recover lands, where the defendant holds under a deed formally conveying to him the legal title, and the plaintiff is seeking to correct a mistake in the instrument or annex a condition to it, he is required to make out his claim by clear, strong and convincing proof, the question being one for the jury, with proper instructions from the court.

**2. Same—Appeal and Error—Reversible Error.**

Where the plaintiffs, the heirs at law of the deceased wife, are seeking to engraft a trust upon the title to lands conveyed to the husband, their stepfather, upon allegation and evidence tending to show that the lands were bought with the money of the wife and that the deed should have been made to her, it is reversible error to defendant's prejudice for the judge to charge the jury that the plaintiffs must establish their claim by the greater weight of the evidence, it being required that they do so by clear, strong and convincing proof.

APPEAL by defendant from *Daniels, J.,* at the June Term, 1915, of WAKE.

Civil action to have defendant declared a trustee for certain real estate purchased by him at foreclosure sale by Emily McVea, mortgagee; de-

fendant, at such sale, having bought and taken a deed for the property from the mortgagee.

Verdict and judgment for plaintiffs, and defendant excepted and appealed.

*John W. Hinsdale for plaintiff.*
*W. H. Lyon, Jr., for defendant.*

HOKE, J. The action was instituted by Mrs. Elizabeth Glenn against her husband, John S. Glenn, defendant, and the original plaintiff having died pending suit, her heirs at law, children by a former husband, were made parties plaintiff and, by leave of court, filed an amended complaint, basing their right to relief on allegations that defendant, their step-father, had bought and taken a deed for the property at foreclosure sale under an agreement that he was to buy said property for his wife, and, second, that he had bought and paid for the property at such sale with the money of his said wife.

Defendant having, in his answer, denied these allegations, the cause was submitted on the following issues:

1. Did the defendant enter into an agreement with his wife, Elizabeth Glenn, whereby he bound himself to bid in for her the lot of land mortgaged to Mrs. McVea and sold under power of sale in said mortgage, and to take title thereto to the said Elizabeth Glenn? Answer: "Yes."

2. Was the land conveyed by Mrs. McVea, mortgagee, to defendant, paid for by the defendant with money belonging to Elizabeth Glenn? Answer: "Yes."

On evidence in support of the allegations and denial, the court charged the jury that the burden of the issues was on the plaintiffs and they were required to establish them by the greater weight of the evidence, and not by clear, strong and convincing proof.

It is the established position in this State that where a defendant holds under a deed formally conveying to him the legal title to real property, and a claimant is seeking to correct a mistake in the instrument or annex a condition to it or engraft a trust upon it, he is required to make out his claim by clear, strong and convincing proof (*Cedar Works v. Lumber Co.,* 168 N. C., p. 391; *Ely v. Early,* 94 N. C., p. 1), a position held to prevail in case of formal, written instruments, conveying personalty (*White v. Carroll,* 147 N. C., p. 334), and to written official certificates of officers given and made in the course of duty. *Lumber Co. v. Leonard,* 145 N. C., p. 339. And, in further application of the principle, it has been also held that, "When the testimony is sufficient to carry the case to the jury, as on an ordinary issue, the judge can only lay this down as a proper rule to guide the jury in their deliberations, and it is for them to determine whether, in a given case, the testimony meets the

requirements of this rule as to the degree of proof. *Gray. v. Jenkins,* 151 N. C., pp. 80 and 82, citing *Cuthbertson v. Morgan,* 149 N. C., p. 72, and *Lehew v. Hewett,* 138 N. C., p. 6. It is also fully recognized here that this rule as to the quantum of proof does not obtain in suits to set aside deeds or other written instruments conveying property for lack of mental capacity, or for fraud or undue influence, or because made with intent to defraud creditors, etc.; plaintiff, in such cases, being required to establish his allegations by the greater weight of the testimony.

The distinction is very fully and satisfactorily discussed by *Associate Justice Avery,* in *Harding v. Long,* 103 N. C., p. 1, a case that has been repeatedly cited in approval of the principle. *Hodges v. Wilson,* 165 N. C., pp. 323-333; *Lamm v. Lamm,* 163 N. C., p. 71; *Culbreth v. Hall,* 159 N. C., pp. 588-591; *Odom v. Clark,* 146 N. C., pp. 544-549, etc.

From the facts in evidence as they now appear, the defendant has the legal title to the property in controversy, formally conveyed to him by written deed, pursuant to foreclosure sale, and the purpose of the action is to engraft a trust upon this title in favor of plaintiffs, children and heirs at law of Mrs. Glenn, deceased. The case, in our opinion, comes under the principle sustained in *Ely v. Early, supra,* and that line of cases, and plaintiffs are required to establish their allegations by clear, strong and convincing proof.

For the error indicated, there must be a new trial of the cause, and it is so ordered.

New trial.