E. A. JOHNSON ET ALS. v. LANDY JOHNSON ET ALS.

(Filed 15 November, 1916.)

**Deeds and Conveyances—Correction—Fraud—Burden of Proof—Quantum of Proof—Instructions—Appeal and Error.**

A party seeking to correct a written deed by reason of the mutual mistake of the parties or a mistake of one induced by the fraud of the other, must establish his case by clear, strong, and convincing proof; but to set aside a deed for fraud, undue influence, and the like, the proof required is by the greater weight of evidence, as in ordinary civil issues; and where a suit is brought to reform a deed, absolute in terms, on the ground that the parties intended it for a mortgage of lands, and also

JOHNSON *v.* JOHNSON.

as to its correction and procurement by fraud or undue influence, a charge by the court applying to both these issues, that the plaintiff was only required to establish his position by the greater weight of the evidence, is reversible error to the defendant's prejudice.

CIVIL ACTION tried before *Justice, J.,* and a jury, at May Term, 1916, of RICHMOND.

The complaint set forth a cause of action to set aside a deed for land on the ground of fraud and undue influence. By amendment, a clause was added to correct the deed, on allegations that the same, absolute in terms, was intended by the parties as a mortgage and that the clause of redemption had been omitted by mistake. There was general denial in the answer and, on issues submitted, the jury rendered the following verdict:

1. In the execution of the deed referred to in the complaint, was the clause of redemption omitted by ignorance or mutual mistake of the parties? Answer: "Yes."

2. Was the deed intended by all the parties to be a security only for the debt? Answer: "Yes."

3. Was the deed referred to in the complaint obtained from Aaron Johnson by fraud or undue influence on the part of the defendants? Answer: "No."

4. Was the deed referred to in the complaint obtained by fraud or undue influence from Eliza Johnson on the part of the defendants? Answer: "No."

Judgment on the verdict declaring the deed a mortgage and giving plaintiff right to redeem, etc.

Defendant excepted and appealed.

*R. Y. Poole, J. P. Cameron, and Brittain & Brittain for plaintiff.*
*A. R. McPhail, E. A. Harrill, and W. C. Davis for defendant.*

HOKE, J. It is the established principle in this State that when the purpose of the suit is to *correct* a written deed by reason of the mutual mistake of the parties or the mistake of one induced by the fraud of the other, plaintiff is required to establish his position by clear, strong, and convincing proof; but when a party seeks to set aside a deed for fraud or undue influence or for mental incapacity and the like, he is only required to make good his allegations by the greater weight of the evidence, as in ordinary civil issues. This distinction, announced and fully discussed in *Harding v. Long,* 103 N. C., 1, has been repeatedly approved in our decisions. *Glenn v. Glenn,* 169 N. C., 729; *Lamb v. Perry,* 169 N. C., 436; *Hodges v. Wilson,* 165 N. C., pp. 323-333; *Lamm v. Lamm,* 163 N. C., 71; *Culbreth v. Hall,* 159 N. C., pp. 588-591; *Odom v. Clark,* 146 N. C., pp. 544-549.

JOHNSON *v.* JOHNSON.

In *Glenn's case* the principle and the practical application of it determining the issues is stated as follows: "It is the established position in this State that where a defendant holds under a deed formally conveying to him the legal title to real property, and a claimant is seeking to correct a mistake in the instrument or annex a condition to it or engraft a trust upon it, he is required to make out his claim by clear, strong, and convincing proof (*Cedar Works v. Lumber Co.,* 168 N. C., 391; *Ely v. Early,* 94 N. C., 1), a position held to prevail in case of formal written instruments conveying personalty (*White v. Carroll,* 147 N. C., 334), and to written official certificates of officers given and made in the course of duty. *Lumber Co. v. Leonard,* 145 N. C., p. 339." And, in further application of the principle, it has been also held that "When the testimony is sufficient to carry the case to the jury, as on an ordinary issue, the judge can only lay this down as a proper rule to guide the jury in their deliberations, and it is for them to determine whether, in a given case, the testimony meets the requirements of this rule as to the degree of proof. *Gray v. Jenkins,* 151 N. C., pp. 80 and 82, citing *Cuthbertson v. Morgan,* 149 N. C., 72, and *Lehew v. Hewett,* 138 N. C., 6. It is also fully recognized here that this rule as to the quantum of proof does not obtain in suits to set aside deeds or other written instruments conveying property for lack of mental capacity, or for fraud or undue influence, or because made with intent to defraud creditors, etc.; plaintiff, in such cases, being required to establish his allegations by the greater weight of the testimony."

In the present case the court, in either aspect of the case and in reference to both sets of issues, charged the jury that plaintiff was only required to establish his position by the greater weight of the evidence, a charge to which exceptions were duly taken and which was erroneous as to the two issues on the question of correcting the mistake, the issues that were answered against the defendant.

For the error indicated, defendant is entitled to a new trial, and the same is allowed on all of the issues.

New trial.