LEE v. CHARITABLE BROTHERHOOD.

(Filed 10 March, 1926.)

**1. Equity—Deeds and Conveyances—Reformation of Deeds—Evidence— Questions for Jury.**

Equity will reform or correct a deed to lands on the ground of mutual mistake of the parties, or the mistake of the draftsman in incorporating other lands of the owner not intended to be conveyed, on strong, cogent and convincing proof, which upon conflicting evidence is a question for the jury.

**2. Same—Registration.**

Equity will not correct a deed to lands for mistake or inadvertence of the parties as against a subsequently made deed of the same land from the same grantor, but prior in registration.

**3. Same—Intent—Evidence.**

Upon the question of the mutual mistake of the parties in a suit to reform a deed, parol evidence of the owner of his intent to have excepted the *locus in quo* from the lands conveyed in the deed the subject of the suit is competent.

**4. Evidence—Witnesses—Inconsistent Testimony—Questions for Jury.**

Where the testimony of a witness at the trial of an action is inconsistent, its weight and credibility are for the jury.

CIVIL ACTION, tried before *Bond, J.*, at November Term, 1925, of PAMLICO.

On 7 October, 1909, W. C. Dixon conveyed to Charitable Brotherhood No. 4, a lot of land 40 by 45 feet, the deed not having been recorded until 9 November, 1922. On 3 February, 1921, the said Dixon conveyed the entire five-acre lot, including defendant's lot, to the plaintiff, Lee, who recorded his deed on 7 February, 1921. This suit was instituted by the plaintiff against the defendant for the purpose of setting aside defendant's deed to the end that plaintiff's title "be quieted." The defendant in its answer alleged that at the time the said Dixon

conveyed the entire property to the plaintiff it was understood and agreed that defendant's lot should be excepted from the operation of said deed and that by mutual mistake of the parties and inadvertence of the draftsman defendant's lot was not excepted from plaintiff's deed, and the defendant prayed that the deed be reformed to carry out and effectuate the intention of the parties and to correct the mistake so made.

The following issues were submitted to the jury: (1) Did the parties by inadvertence and mutual mistake fail to except in the deed from W. C. Dixon and wife to R. H. Lee, the land described in the deed from W. C. Dixon and wife to Charitable Brotherhood Lodge No. 4, Grantsboro, North Carolina? (2) Is the plaintiff, R. H. Lee, the owner and entitled to the possession of the land described in the deed from W. C. Dixon and wife to Charitable Brotherhood Lodge No. 4, at Grantsboro, North Carolina?

The jury for its verdict answered the first issue, "Yes," and the second issue, "No." Judgment was entered upon the verdict and the plaintiff appealed.

*Z. V. Rawls for plaintiff.*
*D. L. Ward and F. C. Brinson for defendant.*

BROGDEN, J. The decisive question, presented, is whether or not the grantee in a deed for a portion of property, prior in date, though subsequently registered, is entitled to invoke the equity of reformation, occasioned by mutual mistake, against the grantee in a deed for the entire property, subsequent in date but prior in registration, it being conceded that both deeds were made by the same grantor, who is not a party to the action.

The identical question was presented and answered in the affirmative in the case of *Sills v. Ford,* 171 N. C., 733. In that case the defendant tendered an issue as to mutual mistake in failing to omit his timber from the plaintiffs' deed. The issue was refused by the court upon the following grounds: (1) That the grantors were not parties to the action. (2) That there was no evidence to show that the reservation was left out by mutual mistake. (3) That the defendant was guilty of gross negligence in not having his deed recorded. In discussing the questions raised, *Walker, J.,* said: "Equity will correct a mistake, either as to fact or law, made by a draftsman of a conveyance or other instrument which does not fulfill or which violates the manifest intention of the parties to the agreement. And the denial of one of the parties that there was any mistake will not defeat the equity, but it

depends altogether upon the finding of the jury from the pertinent evidence, which is of a clear, satisfactory, and convincing character, that a mistake was made in expressing the real agreement."

The *Sills case, supra,* has been cited with approval many times, and the principle announced disposes of the main question involved in this appeal.

The plaintiff, however, excepts to the ruling of the trial judge in admitting testimony of the grantor of his intention to exempt from the conveyance the lot of defendant. This evidence was competent. In *Maxwell v. Bank,* 175 N. C., 183, *Brown, J.,* states the rule thus: "To ascertain whether a mistake has been made in describing property in a deed, it is essential to know the intent of the parties, the one in selling and the other in buying, respecting the subject-matter of the conveyance; and if the deed fails to express their intention there is a mutual mistake, relievable in equity by way of reformation, where the proof is clear, convincing and satisfactory."

Plaintiff further assigns as error the testimony of the grantor as to a "verbal option" given to real estate agents to sell the land. The exact testimony of the witness was: "I put it in the hands of Rawls & Tingle, the real estate men, to sell for me. It was a verbal option." It is clear that the contract referred to was no more than a mere authority to a broker to sell real estate and such authority is not required to be in writing. *Abbott v. Hunt,* 129 N. C., 403; *Lamb v. Baxter,* 130 N. C., 67; *Smith v. Browne,* 132 N. C., 365; *Palmer v. Lowder,* 167 N. C., 333; *Henderson v. Forrest,* 184 N. C., 234.

The plaintiff excepts to the testimony of the stenographer who drew the deed and who was instructed to exempt the defendant's lot therefrom. She testified as follows: "I drew the deed. I have forgotten what instructions were given me with reference to the Brotherhood lot." Thereupon, this question was asked: "What was said about where the Brotherhood land was to go, whether in the lot or not?" The witness answered "to exempt the Brotherhood lot." The plaintiff contends that the witness having first said that she had forgotten what instructions were given, and having afterwards said that she was instructed to exempt the Brotherhood lot, that her testimony should be stricken out. This only raises the question as to the credibility of the witness, and her credibility and the weight to be given her testimony was for the jury.

The record discloses no reversible error and the judgment must be
Affirmed.