JAMES B. LLOYD AND FRANK B. LLOYD v. W. L. SPEIGHT AND S. E. SPEIGHT.

(Filed 22 February, 1928.)

**Reformation of Instruments—Degree of Proof Required—Equity—Mutual Mistake.**

Equity will not reform a deed for the mutual mistake of the parties, or the mistake of one superinduced by the fraud of the other unless the party seeking this relief establishes the same by clear, strong, and convincing proof.

CONNOR, J., did not sit.

APPEAL by plaintiffs from *Nunn, J.,* at April Term, 1927, of EDGECOMBE. Affirmed.

*Gilliam & Bond for plaintiffs.*
*George M. Fountain and Henry C. Bourne for defendants.*

CLARKSON, J. Since the institution of this action S. E. Speight has died and the land in controversy has passed and vested in the defendant, W. L. Speight, by the terms of the will of S. E. Speight.

The question involved: Plaintiffs contend that they introduced evidence tending to show that certain conveyances from them to defendants, same being sufficient in form to pass a fee-simple title, were executed in pursuance of prior oral agreement whereby plaintiffs, being ignorant or mistaken with respect to their title and laboring under the mistaken belief that they were seized only of life estates, contracted to convey their rights in certain lands to defendant, or his agent; that defendant either shared in this mistaken belief as to plaintiff's title or

knowing their true title fraudulently concealed said fact and induced plaintiffs to continue in such mistaken belief and to convey their interest in said property at a grossly inadequate price; that in law and in fact plaintiffs were seized of a fee-simple title to a large portion of the lands conveyed and of a defeasible fee to the balance. On this evidence plaintiffs prayed for a reformation of said instruments and upon motion were nonsuited. The correctness of this ruling is the only question involved.

Defendants contend: The plaintiffs in their complaint allege that the four deeds executed by them, one to W. L. Speight and the other three to S. E. Speight, whom they allege was the trustee or the agent of W. L. Speight, were either executed under a mistake of the grantors and grantees, or through a mistake of the grantors induced by the fraudulent representation of the grantees.

The will of Sarah E. Lloyd, under which plaintiffs claimed title, was construed in *Winslow v. Speight,* 187 N. C., p. 248, decision filed 27 February, 1924. The present action was commenced 3 July, 1925.

In *Allen v. R. R.,* 171 N. C., p. 342, citing numerous authorities, it is held: "To correct a deed on account of mistake is a recognized subject of equitable jurisdiction, but in order to its exercise for the purpose of reforming the instrument because it does not properly express the agreement of the parties, it is established that the mistake must be mutual or it must be the mistake of one superinduced by the fraud of the other."

In *Sills v. Ford,* 171 N. C., p. 738, it is held that " 'Equity will correct a mistake, either as to fact or law, made by a draftsman of a conveyance or other instrument which does not fulfill or which violates the manifest intention of the parties to the agreement.' (*Leilensdorfer v. Delphy,* 15 Mo., 137.) And the denial of one of the parties that there was any mistake will not defeat the equity, but it depends altogether upon the finding of the jury from the pertinent evidence, which is of a clear, satisfactory, and convincing character, that a mistake was made in expressing the real agreement." *Lee v. Brotherhood,* 191 N. C., 359; *Crawford v. Willoughby,* 192 N. C., 269.

The general and accepted rule is that the proof must be clear, strong and convincing. *Glenn v. Glenn,* 169 N. C., 729; *Johnson v. Johnson,* 172 N. C., 530; *Long v. Guaranty Co.,* 178 N. C., 503.

Four deeds were made (1) acknowledged 18 June, 1910, and duly registered 20 June, 1910; (2) made and executed 28 November, 1921, and registered 29 November, 1921; (3) April, 1922, and registered 23, August, 1922; (4) April, 1922, and registered 29 November, 1922.

From a careful examination of the evidence of plaintiffs, which we do not think necessary to analyze, we are of the opinion that it was not

sufficient to be submitted to the jury and the ruling of the court below, sustaining defendants' motion for judgment as in case of nonsuit at the close of plaintiffs' evidence, correct. C. S., 567. The judgment of the court below is

Affirmed.

Connor, J., did not sit.