J. F. WILLIAMS, LUVENIA KENNEDY, I. D. JOHNSON, S. E. JOHNSON, F. L. JOHNSON, J. B. JOHNSON, IRA JOHNSON, WILLIAMS JOHNSON, CLAUDIA M. JOHNSON, ROSA L. JOHNSON, JANIE B. JOHNSON, EFFIE MURRAY, MARY CARR, AND ALBERTA WARD v. GREENSBORO FIRE INSURANCE COMPANY.

(Filed 8 April, 1936.)

1. **Insurance E c—Insurance policy may be reformed for mutual mistake or mistake induced by fraud.**

   A policy of insurance, like other written instruments, may be reformed for mutual mistake or for mistake induced by fraud or inequitable conduct of the adverse party, and parol evidence is competent to establish the right to such equitable relief, but the proof must be clear, strong, and convincing.

2. **Same—Evidence held sufficient for jury on issue of plaintiff's right to relief of reformation of policy as to name of insured.**

   Plaintiffs' evidence tended to show that defendant's local agent issuing the fire insurance policy in suit was a tenant in one of the stores insured, and paid rent to plaintiffs, who owned the property as heirs at law. The application was made in the name of plaintiffs' ancestor, and the policy issued in his name. *Held:* The question of whether the policy was issued

in the name of the ancestor, who was dead at the time of application therefor, instead of the names of plaintiffs owning the property as heirs at law, through the mutual mistake of the parties was properly submitted to the jury, the knowledge of the local agent of insurer at the inception of the policy being imputed to insurer.

3. **Limitation of Actions A a—Action held for construction of policy as to property covered and not for reformation.**

Defendant insurer contended that the policy in question covered only one store, comprising a compartment in plaintiffs' building. Plaintiffs filed a reply, alleging that the policy was intended to cover and did cover the whole building, which contained three compartments or stores. Defendant, in its rejoinder, set up the defense of the three-year statute of limitations, claiming that plaintiffs' right to reformation of the policy as to the property covered was barred, since more than three years had elapsed since the issuance of the policy and the damage to the property by fire. *Held:* Plaintiffs' right to relief is based upon a construction of the policy and not upon reformation thereof as to the property covered, and under the pleadings and facts the statute of limitations is not applicable.

4. **Insurance E b—Evidence held for jury on question of property insured.**

Plaintiffs' property consisted of one building, divided into stores or compartments, two facing on one street and one facing on another street. The evidence tended to show that the amount of the policy was greatly in excess of the value of one store, and amounted to a little more than the value of the whole building, and that the policy described the building, and provided that the insurance should be effective only while the property was occupied by "tenants" as "stores," but designated the property by number and block of one of the stores. The building caught on fire and each of the stores was damaged thereby. Defendant insurer contended that the policy covered only one store, and not the whole building. *Held:* The policy was ambiguous as to the property covered thereby, and the question was properly submitted to the jury as to whether the entire building was covered by the policy.

5. **Same—**

An insurance policy will be construed strictly against insurer.

6. **Same—In construing policy as to amount of property covered, it will not be presumed that insurer charged larger premium than allowed by law.**

Plaintiffs' property consisted of one building containing three compartments or stores. Insurer contended that the policy issued covered only one of the stores and not the entire building. It appeared that the amount of the policy was greatly in excess of the value of the one store, but was about the value of the entire building, and that insured paid the premium based upon the amount for which the policy was issued. *Held:* In construing the policy as to whether it covered the one store or the entire building, it will not be presumed that insurer charged a premium based upon a valuation greatly in excess of the value of the property insured in violation of law, N. C. Code, 6418, 6435, but that the policy covered the entire building, the value of which would justify the amount of the policy and the charge of the premium paid.

**7. Insurance M e—**
> Where insurer denies liability, insured is not required to furnish proof of loss as stipulated in the policy, the denial of liability constituting a waiver of proof.

APPEAL by defendant from *Grady, J.,* and a jury, at January Term, 1936, of DUPLIN. No error.

This is an action by plaintiffs against defendant to recover on a fire insurance policy. The defendant denied liability. The issues indicate and show the controversy between the parties.

The issues submitted to the jury and their answers thereto were as follows:

"1. Were plaintiffs, as heirs at law of J. C. Williams, the owners of the property in question at the time of the issuance of the policy of insurance sued upon, and at the time of the fire referred to in the complaint? Ans.: 'Yes.'

"2. At the time of the application for and the issuance and delivery of said policy to J. F. Williams, did the defendant know that J. C. Williams was dead, and that J. F. Williams was acting for himself and the other heirs at law of J. C. Williams in securing said insurance? Ans.: 'Yes.'

"3. At the time of the issuance and delivery of said policy (to) J. P. Williams, was it understood and agreed between him and C. M. Miller, agent of the defendant, that said policy was intended to cover all of the brick building situate on the north side of East Church Street in Rose Hill, composed of three separate compartments, as alleged by the plaintiffs? Ans.: 'Yes.'

"4. If so, were the agreements and understandings referred to in the second and third issues left out of the policy as issued by the mutual mistake of the said J. F. Williams and the defendant? Ans.: 'Yes.'

"5. What was the total damage to said building by reason of the fire of 14 November, 1931? Ans.: '$4,800.'

"6. What was the total damage to the part of said building designated on the defendant's map as No. 107 Church Street? Ans.: '$500.00.'

"7. Is the plaintiffs' claim barred by reason of their failure to file proof of loss within sixty days from date of fire, under the conditions named in said policy? Ans.: 'No.'

"8. Is plaintiffs' cause of action for reformation of said policy barred by the three-year statute of limitations? Ans.: 'No.'

"9. What damages, if anything, are the plaintiffs entitled to recover of the defendant? Ans.: '$3,600.' "

The defendant made numerous exceptions and assignments of error and appealed to the Supreme Court. The material ones and necessary facts will be set forth in the opinion.

*Beasley & Stevens for plaintiffs.*

*R. D. Johnson, J. T. Gresham, Jr., and Smith, Wharton & Hudgins for defendant.*

CLARKSON, J. At the close of plaintiffs' evidence and at the close of all the evidence defendant made motions in the court below for judgment as in case of nonsuit. N. C. Code, 1935 (Michie), sec. 567. The court below overruled these motions, and in this we can see no error.

J. C. Williams owned, in fee simple, title to certain property in the town of Rose Hill, Duplin County, N. C., on which was situated a one-story brick building, metal roof. There were three compartments but all one building, built at the same time, and a wall·all the way around the compartments. The contractor testified, in part: "I begun on the inside walls on Church Street and run back and cut off what we called the drug store; and then I joined the drug store wall with a brick wall and run west to Railroad Street, and joined the wall with a center wall, making three compartments. Two fronted on Railroad Street and one fronted on Church Street."

(1) The drug store, or compartment, on Church Street, was rented by C. M. Miller; (2) Scott Bros., who ran a general store, rented the corner store, or compartment, on Railroad Street; (3) W. M. Rochelle, who ran a dry goods store, rented the other store, or compartment, on Railroad Street. The plaintiffs' evidence was to the effect: (1) That the fair market value of the store, or compartment, rented by Miller on 20 November, 1930, the date of the issuance of the policy of fire insurance, was $1,500. Defendant was immediately notified of the fire damage, and on 27 May, 1932, plaintiffs gave formal notice, itemizing same. The totals are below given. The fire damage to the drug store was $135.50. (2) The fair market value of the corner store, or compartment, was $3,500, the fire damage was $3,172.80. (3) The fair market value of the other store, or compartment, was $2,500, the fire damage was $2,344.75—total, $5,653.05. In the policy was a three-fourths value clause, and plaintiffs claimed $4,239.79.

The defendant contended that the policy was void, as J. C. Williams, in whose name the policy was issued, was dead. That the policy was issued on 20 November, 1930, for one year. That J. C. Williams died on 26 April, 1930, and the fire was on 14 November, 1931. On the other hand, plaintiffs contend that C. M. Miller was the local agent of defendant, rented the drug store and had full knowledge of the whole matter. That J. C. Williams was dead and his heirs at law were J. F. Williams and the other plaintiffs herein. That J. F. Williams took out the policy through the agent Miller, paid the premium to him, and "the plaintiffs aver that the names of the plaintiffs as the owners of said buildings and

the beneficiaries of said policy were omitted from the same, and the name of J. C. Williams inserted therein by the mutual mistake of the plaintiffs and the defendant, and the inadvertence of the said C. M. Miller, agent of the defendant, who effected said insurance, and wrote up or had written up said policy of insurance."

It is well settled that in equity a written instrument, including insurance policies, can be reformed by parol evidence, for mutual mistake, inadvertence, or the mistake of one superinduced by the fraud of the other or inequitable conduct of the other. The evidence must be clear, strong, and convincing; or clear, convincing, and satisfactory; or clear, cogent, and convincing. *Lee v. Brotherhood,* 191 N. C., 359; *Lloyd v. Speight,* 195 N. C., 179.

In *Sykes v. Ins. Co.,* 148 N. C., 13 (21), we find: "The principle, as we have seen, applies to policies of insurance. 'The power of reformation extends to practically every kind of written instrument. Thus, there may be a reformation of a conveyance, a mortgage or deed of trust, a bond, an insurance policy, a promissory note, lease, power of attorney, contract of sale, or any character of contract in writing.' 24 Am. and Eng. Enc. (2d Ed.), p. 652." *Burton v. Ins. Co.,* 198 N. C., 498.

C. M. Miller was the local agent of defendant company, with whom J. F. Williams took out the insurance. There was evidence that it was known by Miller that J. C. Williams was dead and the insurance was for J. F. Williams and the other heirs at law of J. C. Williams, who then owned the real estate and received rent for same, including himself as tenant. Miller delivered the policy for $5,000 (it was reduced from $6,000 to $5,000) to J. F. Williams for the heirs at law, and J. F. Williams paid him the premium of $114.50. This is not a case where the knowledge of the agent is after the policy has become effective. The matter here is at the inception of the contract. *Midkiff v. Ins. Co.,* 197 N. C., 139 (142).

In *Horton v. Insurance Co.,* 122 N. C., 498 (503-4), is the following: "It is well settled in this State that the knowledge of the local agent of an insurance company is, in law, the knowledge of the principal; that the conditions in a policy working a forfeiture are matters of contract and not of limitation, and may be waived by the insurer, and that such waiver may be presumed from the acts of the agent," citing numerous authorities. *Ins. Co. v. Lumber Co.,* 186 N. C., 269; *Aldridge v. Greensboro Fire Ins. Co.,* 194 N. C., 683; *Houck v. Insurance Co.,* 198 N. C., 303; *Mahler v. Insurance Co.,* 205 N. C., 692 (698-9); *Belk's Dept. Store v. Insurance Co.,* 208 N. C., 267 (277).

In *Colson v. Assurance Co.,* 207 N. C., 581 (583-4), is the following: "In *Laughinghouse v. Ins. Co.,* 200 N. C., 434 (436), speaking to the subject, we find: 'It is held that in the absence of fraud or collusion

25—209

between the insured and the agent, the knowledge of the agent, when acting within the scope of the powers entrusted to him, will be imputed to the company, though the policy contains a stipulation to the contrary. *Short v. LaFayette Ins. Co.,* 194 N. C., 649; *Insurance Co. v. Grady,* 185 N. C., 348.' "

In the policy is the following: "Mercantile Building (Three-Fourths Value Clause) $5,000.00 on the one-story brick building with metal roof, only while occupied by tenants as stores and for no other purpose situated number 107, on the North side of East Church Street, Block No. ...... in Rose Hill, N. C."

The plaintiffs' complaint, in part, is as follows: "The defendant executed and caused to be delivered through its said local agent to the plaintiff J. F. Williams, for himself and the other plaintiffs herein, in consideration of the sum of $114.50, to said defendant paid by said J. F. Williams through its said local agent, as premium therefor, a policy or contract of insurance in the sum of $5,000, which said contract or policy of insurance was to be in force from 20 November, 1930, to 20 November, 1931, insuring against loss or damage by fire the brick store building then situated on the lot described in paragraph 4 of this complaint, and then owned by the plaintiffs." The plaintiffs prayed for "general relief." This action was instituted 24 October, 1932.

In the defendant's further answer is the following: "That the said policy of insurance covered only 107 East Church Street, Rose Hill, North Carolina, and no other property, and did not cover the other store buildings alleged to be covered in the complaint."

In plaintiffs' reply, filed 9 January, 1935, is the following: "It is alleged in connection therewith that said insurance policy was intended to cover and did cover all of said stores set out and described in the complaint, and formerly belonging to J. C. Williams in the town of Rose Hill, N. C., bounded on the south by Church Street, and on the west by the east boundary lines of Atlantic Coast Line Railroad Company, known as Railroad Street; that said policy was at the time that it was issued intended to cover and did cover all three of said store buildings under one roof, to the east edge of the right of way of said Atlantic Coast Line Railroad in the town of Rose Hill, two of said stores fronting on said right of way, and if the description in said policy failed to cover all three of said stores, then the same was omitted from the said policy by the mutual mistake of the parties and the inadvertence of the draftsman, and the plaintiffs ask that said policy be reformed to that extent."

In defendant's rejoinder is the following: "That the said policy in question was issued on or about 20 November, 1930, and that if the plaintiffs ever had any cause of action to reform said policy, all of which the defendant denies, the said cause of action is barred by the three-year

statute of limitations, it having been more than three years since said policy was issued, and likewise having been more than three years since the date of the fire, all of which is specifically pleaded in bar of plaintiffs' right of recovery."

We do not think that the statute of limitations is applicable on the pleadings and facts and circumstances of this case. The case cited by defendant, *Moore v. Casualty Co.*, 207 N. C., 433, is not applicable.

The language in the policy is ambiguous and parol evidence admissible outside of the allegation for reformation. 107 East Church Street was a private number of the N. C. Inspection and Rating Bureau. They fixed the property by blocks, lots, etc. The case of *Floars v. Ins. Co.*, 144 N. C., 232, is also not applicable to the facts on this record. If contract is ambiguous, effect is for jury. *Montgomery v. Ring*, 186 N. C., 403; *Porter & Peck v. West Const. Co.*, 195 N. C., 328. If writing leaves it doubtful or uncertain as to what the agreement was, parol evidence is competent to show and make certain what was the real agreement, which is for the jury. *Hite v. Aydlett*, 192 N. C., 166.

In *Fayetteville Light Infantry v. Dry Cleaners, ante,* 14 (16), we find: "In determining the meaning of an indefinite or ambiguous contract, the construction placed upon it by the parties themselves is to be considered by the court. *Lewis v. Nunn*, 180 N. C., 159; *Lumpkin v. Investment Co.*, 204 N. C., 563."

The policy says "$5,000 on the one-story brick building, metal roof." The three compartments came within this description. Then it says: "Only while occupied by *tenants* as *stores* and for no other purpose." There were three stores and three tenants. Then comes a limited description, taken from the Inspection and Rating Bureau's private numbers, "Number 107 on the North side of East Church Street, Block No. ......., Rose Hill, N. C." What construction did defendant, to sell the insurance, put on this language? No. 107 was valued at some $1,500. It seems that the intention of the parties was that the insurance policy should cover the three compartments. It is presumed that defendant would not violate the law. N. C. Code, 1935 (Michie), sec. 6418, says that no insurance company shall issue a policy for more than a "fair valuation of the property." Section 6433, provides a penalty for so doing. Section 6435, in part, is as follows: "Every agent of a fire insurance company shall, before issuing a policy of insurance on property situated in a city or town, inspect the same, informing as to its value and insurable condition." Defendant issued a $5,000 policy and received the premium $114.50, and now has same. The three compartments were *stores* and had *tenants:* One, the drug store, valued at $1,500; the next at $3,500; and the third at $2,500. Total value, $7,500. And prior to this it was insured for $6,000. Of course, defendant, a

reputable company, would not violate the law and issue a $5,000 policy on the $1,500 drug store and pocket $114.50—price of a $5,000 policy. This aspect was left to the jury, and they answered the issue in favor of plaintiffs. In fact, this evidence almost required a directed verdict for plaintiffs on the third issue—sufficient to sustain a judgment on this aspect of the controversy. It is well settled that an insurance policy will be construed strictly against the insurer and in favor of the insured.

The defendant further contends that proof was not furnished within 60 days, as required by the policy. But defendant denied liability and now denies liability. The law does not require one to do a vain thing.

In *Misskelley v. Ins. Co.,* 205 N. C., 496 (505), speaking to the subject, it is said: "In *Gerringer v. Ins. Co.,* 133 N. C., 407 (415), we find: 'The weight of authority is in favor of the rule that a distinct denial of liability and refusal to pay, on the ground that there is no contract or that there is no liability, is a waiver of the condition requiring proof of loss or death. It is equivalent to a declaration that they will not pay, though the proof be furnished,' " citing a wealth of authorities. *Guy v. Ins. Co.,* 207 N. C., 278 (279); *Gossett v. Ins. Co.,* 208 N. C., 152 (158).

The defendant's prayers for instruction were properly refused by the court below. We think the issues submitted were proper under the pleading—material and determinable of the controversy. We see no error in the charge, taken as a whole and not disconnectedly. The *quantum* of proof required of plaintiffs was given "clear, strong, and convincing." There was ample competent evidence to sustain the issues submitted to the jury. The assignments of error made by the defendant cannot be sustained.

We have read the record with care and can see no prejudicial or reversible error.

No error.