CONTINENTAL WASTE COMPANY v. HENDERSON BROTHERS.

(Filed 26 November, 1941.)

**Reformation of Instruments § 8—Clear, strong and convincing proof is required of party seeking reformation of written instrument.**

> Plaintiff declared on a written contract under which defendant agreed to deliver certain processed goods. Defendants admitted the execution of the contract and only partial performance, but alleged that they were to make full deliveries only if they could purchase unprocessed goods at a stipulated price, and that the proviso for this contingency was omitted from the written contract by mutual mistake of the parties. *Held:* Defendants' defense contemplates reformation of the instrument, and defendants have the burden of establishing the defense by clear, strong and convincing proof, and an instruction that the burden was on defendants to prove mutual mistake of the parties by the greater weight of the evidence is error.

APPEAL by plaintiff from *Johnston, Special Judge,* at July Special Term, 1941, of MECKLENBURG.

Civil action to recover for failure to deliver cotton baling ties as per written contract.

Defendants admitted execution of the contract and partial performance thereunder, but alleged that full deliveries were to be contingent upon the price of raw materials or unworked ties, *i.e.,* full deliveries of riveted and whole ties were not to be made "unless the defendants could obtain unworked ties at $7.50 per ton, and long ties at $15.00 per ton," and that this provision was omitted from the written memorandum by the mutual mistake of the parties.

Upon issue thus raised, the court instructed the jury that the burden was on the defendants to establish the mutual mistake of the parties by the greater weight of the evidence. Exception.

From verdict and judgment for the defendants, the plaintiff appeals, assigning errors.

*Brock Barkley for plaintiff, appellant.*
*McRae & McRae for defendants, appellees.*

STACY, C. J.   What *quantum* of proof is required to reform a written instrument on the ground of the mutual mistake of the parties? The law answers "clear, strong and convincing." *Johnson v. Johnson,* 172 N. C., 530, 90 S. E., 516.

It is true that ordinarily in civil matters the burden of proof is carried by a preponderance of the evidence, or by its greater weight, albeit in a number of cases, as where, for example, it is proposed to correct a mistake in a deed or other writing, to restore a lost deed, to convert a deed absolute on its face into a mortgage, to engraft a parol trust upon a legal estate, to impeach the probate of a married woman's deed, to establish a special or local custom, and generally to obtain relief against the apparent force and effect of a written instrument upon the ground of mutual mistake, or other similar cause, the evidence must be clear, strong and convincing. *Ins. Co. v. Morehead,* 209 N. C., 174, 183 S. E., 606; *Lloyd v. Speight,* 195 N. C., 179, 141 S. E., 574; *Speas v. Bank,* 188 N. C., 524, 125 S. E., 398; *Montgomery v. Lewis,* 187 N. C., 577, 122 S. E., 374; *Sills v. Ford,* 171 N. C., 733, 88 S. E., 636; *Lamb v. Perry,* 169 N. C., 436, 86 S. E., 179; *Glenn v. Glenn,* 169 N. C., 729, 86 S. E., 622; *Penland v. Ingle,* 138 N. C., 456, 50 S. E., 850; *Williams v. Building and Loan Asso.,* 207 N. C., 362, 177 S. E., 176.

The defense set up in the instant case falls in this special class, and the burden is on the defendants to establish it by evidence clear, strong and convincing. *Williams v. Ins. Co.,* 209 N. C., 765, 185 S. E., 21. There was error, therefore, in the instruction to the jury that the burden of the defense would be met by the greater weight of the evidence, for which a new trial must be awarded. *Hubbard & Co. v. Horne,* 203 N. C., 205, 165 S. E., 347.

New trial.