**TIG INSURANCE COMPANY, Plaintiff,**

v.

**DEATON, INC. and The Travelers Insurance Company, Defendants.**

No. 3:96–CV–92–P.

United States District Court, W.D. North Carolina, Charlotte Division.

July 2, 1996.

Randel E. Phillips, Moore & Van Allen, Charlotte, NC, Mary Elizabeth Erwin, Moore & Van Allen, Charlotte, NC, for plaintiff TIG Insurance Company.

F. Fincher Jarrell, Kennedy, Covington, Lobdell & Hickman, Charlotte, NC, for defendant Deaton Inc.

James O. Cobb, Ruff, Bond, Cobb, Wade & McNair, Charlotte, NC, for defendant The Travelers Insurance Company.

### AMENDED[1] MEMORANDUM OF DECISION AND ORDER

ROBERT D. POTTER, Senior District Judge.

**THIS MATTER** is before the Court on Defendant Deaton, Inc.'s [hereinafter "Deaton"] motion to dismiss [Document # 5], filed April 25, 1996. The Plaintiff [hereinafter "TIG"] filed a response in opposition to dismissal on May 17, 1996 [Document # 11]. Travelers Insurance Company [hereinafter "Travelers"] filed a response[2] on May 15, 1996 [Document # 10]. Deaton did not file a reply to either response. This motion is now fully briefed and ready for decision by the Court.

---

1. The sole purpose of this Amended Memorandum Of Decision And Order is to correct several typographical errors in the original Memorandum Of Decision And Order. These corrections in no way alter the substance or effect of the original Memorandum Of Decision And Order.

2. Travelers' response does not contest the Court's jurisdiction but simply "suggests most respectfully that the Court may lack the discretion to decline to exercise otherwise proper subject matter jurisdiction over the *quantum meruit* claim." (Travelers' Brief at 1.)

## GENERAL BACKGROUND

Deaton is a trucking company with its principal office in Alabama. Daniel Lee Coffman was a Deaton employee who resided in North Carolina and worked out of Deaton's North Carolina facility. On March 17, 1992 Mr. Coffman was seriously injured in an on-the-job accident which occurred in North Carolina. Following the accident, Mr. Coffman applied to the North Carolina Industrial Commission for workmen's compensation benefits.

Travelers is an insurance company that provided workmen's compensation coverage to Deaton in North Carolina at the time of Mr. Coffman's injury. TIG is an insurance company that provided excess workmen's compensation coverage to Deaton at that same time. This coverage by TIG was only for claims arising under the Alabama Workmen's Compensation Act. Thus far TIG has paid in excess of $1,000,000.00 in benefits on Mr. Coffman's claim. TIG now claims in its complaint that Travelers—not TIG—is obligated to pay Mr. Coffman's benefits. Thus, TIG is suing both Deaton and Travelers[3] for declaratory judgment and *quantum meruit* recovery of benefits paid. The central issue on the merits of this case appears to be whether or not Mr. Coffman's claim is governed by the North Carolina Workmen's Compensation Act.

## MOTION TO DISMISS STANDARD

■ Rule 12(b)(6) places the burden upon the party seeking dismissal to demonstrate the non-moving party has stated no facts in its complaint which entitle it to relief. In evaluating such a motion, the Court must assume all well-pled facts are true and draw all reasonable inferences from those facts in favor of the non-moving party. *Miree v. DeKalb County*, 433 U.S. 25, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977). Consequently, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 46, 78 S.Ct. 99, 101, 102, 2 L.Ed.2d 80 (1957).

## DISCUSSION

Deaton argues that the Court should dismiss this case because it lacks subject matter jurisdiction. The Court disagrees.

Congress has provided that:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000.00, exclusive of interest and costs, and is between—(1) citizens of different states . . .

28 U.S.C. § 1332(a). Thus, when the diversity of citizenship and amount in controversy requirements are met—as they clearly are in the case at bar—the district court has jurisdiction to hear the case.

■ While 28 U.S.C. § 1332 purports to speak in broad terms, there are distinct limitations on the jurisdiction therein conferred. Most notably, matters of domestic relations and probate have been judicially carved out of the purview of federal diversity jurisdiction. Likewise, a federal district court may not entertain an *in rem* action concerning property already under the control of a state court of competent jurisdiction; nor may it exercise diversity jurisdiction where one of the established abstention doctrines governs.

■ A federal district court's discretion to decline to exercise its diversity jurisdiction is severely limited. Absent a well-defined limitation on diversity jurisdiction such as those listed above, a district court must adjudicate a diversity case that is otherwise properly before it. The Court has "no more right to decline to exercise jurisdiction which is given, than to usurp that which is not." *Cohens v. Virginia*, 6 Wheat. 264, 404, 5 L.Ed. 257 (1821) (quoted with approval in *New Orleans Public Serv. v. Council of New Orleans*, 491 U.S. 350, 358–359, 109 S.Ct. 2506, 2512–2513, 105 L.Ed.2d 298 (1989)).

---

**3.** The contract between TIG and Deaton allows TIG to pursue any claim Deaton "may have against any person, firm, or corporation arising out of any occurrence resulting in the payment of loss and claim expenses." (Complaint at ¶ 26, quoting part nine of the TIG policy.) Therefore, TIG has standing to pursue the claims against Travelers in this action.

In the case at bar, the Court finds Deaton's arguments meritless and sees no well-defined limitation on diversity jurisdiction that impedes the Court's exercise of jurisdiction over this case. The Court will address Deaton's arguments separately.

### A. 28 U.S.C. § 1445(c)

Deaton argues that 28 U.S.C. § 1445(c) denies the Court jurisdiction over this case due to an alleged "clear[ ] ... federal policy that [actions involving workers' compensation laws] should be dealt with under the workers' compensation mechanisms established by the various states." (Deaton Brief at 2.) The Court finds this argument meritless.

■ 28 U.S.C. § 1445(c) provides that:

A civil action in any State court arising under the workmen's compensation laws of such state may not be **removed** to any district court of the United States (emphasis added).

On its face, this section applies not to original filings but only to removal of cases "arising under the workmen's compensation laws."[4] It is therefore irrelevant to the case at bar.

■ Moreover, the Supreme Court has expressly rejected the precise argument articulated by Deaton. In *Horton v. Liberty Mutual Insurance Co.*, 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961), Horton filed a claim with the Texas Industrial Accident Board against his employer and Liberty Mutual. When the Board issued its administrative decision both Horton and Liberty Mutual were dissatisfied. Because the Texas Workmen's Compensation Law permits either the employee or the insurance company to bring suit in the county where the injury occurred to set aside the Board's final ruling, Liberty Mutual filed a diversity action in federal court. A week later Horton filed suit in a state court then moved to dismiss the case in federal court on the grounds that, *inter alia*, 28 U.S.C. § 1445(c) destroyed diversity jurisdiction. The Supreme Court, however, held to the contrary:

After the most deliberate study ... Congress used language specifically barring removal of [workmen's compensation] cases from state to federal courts and at the same time left unchanged the old language which just as specifically permits [diversity] civil suits to be filed in federal courts.... In this situation we must take the intent of Congress with regard to the filing of diversity cases in Federal District Courts to be that which its language clearly sets forth. Congress could very easily have used language to bar filing of workmen's compensation suits by the insurer as well as removal of such suits, and it could easily do so still. We therefore hold that under the present law the District Court has jurisdiction to try [such cases].

*Horton v. Liberty Mutual Insurance Co.*, 367 U.S. 348, 352, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961). Applying this holding to the case at bar, the conclusion is inescapable—subject matter jurisdiction is present because this case was filed initially with this Court.

### B. Exclusive Jurisdiction of the Industrial Commission

Deaton also argues that the North Carolina Industrial Commission has exclusive jurisdiction to hear this case. The Court disagrees.

■ The North Carolina Supreme Court stated in *Clark v. Gastonia Ice Cream Co.*, 261 N.C. 234, 134 S.E.2d 354 (1964) that:

The General rule appears to be that, when it is ancillary to the determination of the employee's rights, the compensation commission has authority to pass upon a question relating to the insurance policy, including fraud in procurement, mistake of the parties, reformation of the policy, cancellation, and construction of extent of coverage. This is, of course, in harmony with the conception of compensation insurance being something more than an independent contractual matter between insurer and insured. On the other hand, when the rights of the employee in a pending claim are not at stake, many commissions disa-

---

4. It is not at all clear this case even "aris[es] under the workmen's compensation laws" within the meaning of the statute. However, given the Court's finding that 28 U.S.C. § 1445(c) is inapplicable, this issue is not germane and need not be decided.

vow jurisdiction and send the parties to the courts for relief. **This may occur ·when the question is purely one between two insurers, one of whom alleges that he has been made to pay an undue share of an award to a claimant, the award itself not being under attack.**

*Id.* at 239–240, 134 S.E.2d 354 (emphasis added) (quoting with approval, Larson, *Workmen's Compensation Law,* Volume 2, § 92.40). In the case at bar, the dispute is essentially over who must pay Mr. Coffman's claim, not whether or how much Mr. Coffman will be paid. Therefore, this dispute is not "ancillary to the determination of the employee's right" but wholly distinct from it. There is no indication in the record that a decision in this case will in any way effect whether or how much Mr. Coffman will receive on his claim. Thus it appears to this Court that, under the previous rulings of the North Carolina Supreme Court, the Industrial Commission does not have any jurisdiction to hear this case, let alone exclusive jurisdiction.

In its argument to the contrary, Deaton relies on language in *Greene v. Spivey,* 236 N.C. 435, 73 S.E.2d 488 (1952), to support its assertion that the Industrial Commission has exclusive jurisdiction to determine questions of insurance coverage: "The Commission is specifically vested by statute with jurisdiction to hear 'all questions arising under' the Compensation Act. [N.C.]G.S. 97–91." *Id.*

However, the *Clark* court expressly limited *Greene* to its facts, and held that "[q]uestions 'arising under' [the Compensation Act] would seem to consist primarily, if not exclusively, of questions for decision in the determination of rights asserted by or on the behalf of an injured employee or his dependents." *Clark,* 261 N.C. at 240, 134 S.E.2d 354. In the case at bar, the injured employee's rights are simply not at issue, and the question does not "arise under" the Act.

■ Further, even if North Carolina did establish the Industrial Commission as the exclusive tribunal for an action such as the case at bar, federal diversity jurisdiction

would not necessarily be defeated. For, it is well established that while a State may provide that a given type of suit must be brought in a particular state court, such a provision cannot restrict a party's right to bring the case in a federal forum when diversity jurisdiction is otherwise present. Likewise, a state cannot abridge diversity jurisdiction by creating a special remedy as an alternative to traditional court action, by departing from traditional procedures, or by dividing judicial power between a board and a court. *See generally,* Moore's 1A ¶ 0.157[2] and [4.–5]. However, given the posture of North Carolina law, the Court need not decide this question. Deaton's·argument fails accordingly.

### C. Abstention

Deaton argues that even if the Court has jurisdiction, it should use its discretion under the Federal Declaratory Judgment Act to abstain from exercising such jurisdiction. The Court disagrees.

■ Insofar as TIG seeks declaratory judgment, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, controls. This section grants the Court authority to issue declaratory judgments. Because this authority is permissive—not mandatory—whether to exercise jurisdiction over a declaratory judgment action is left to the sound discretion of the Court. This statutorily conferred discretion is much broader than the judicially created abstention doctrines. *Cf., Mitcheson v. Harris,* 955 F.2d 235, 237–238 (4th Cir. 1992) (holding discretion in declaratory action broader than the exceptional circumstances test of *Colorado River* abstention) (*citing, inter alia, Colorado River Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)).[5] Nevertheless, refusal to entertain a declaratory action is not unbounded but must be based on good reasons. *See,· e.g., Nautilus Insurance Co. v. Winchester Homes, Inc.,* 15 F.3d 371, 375 (4th Cir.1994).

■ Preliminarily, the Court notes that TIG seeks *quantum meruit* recovery of mon-

---

5. *A fortiori,* if the Court should not abstain under the discretion afforded by 28 U.S.C. § 2201, then it probably should not abstain under a judicially created abstention doctrine.

ey already paid as well as declaratory relief. The Court simply does not possess the degree of discretion *vis a vis* the *quantum meruit* claim that it has been given by congress in declaratory relief actions. *Mitcheson,* 955 F.2d at 238 ("in declaratory actions Congress has afforded the federal courts a freedom not present in ordinary diversity suits . . ."). Thus, regardless of whether the Court exercises its jurisdiction over TIG's declaratory judgment claim, it must nevertheless hear the *quantum meruit* claim properly before it. As explained below, this fact is a significant consideration in the Court's decision not to abstain from hearing the declaratory judgment claim.

The Fourth Circuit has clarified when a district court should abstain from hearing a claim for declaratory judgment:

> Because the remedial discretion conferred by the Declaratory Judgment Act must 'be liberally exercised' . . . a federal district court should normally entertain a declaratory judgment action within its jurisdiction when it finds the declaratory relief sought (i) 'will serve a useful purpose in clarifying and settling the legal relations in issue,' and (ii) 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'

*Nautilus Insurance Co.,* 15 F.3d at 375 (internal citations omitted). Both these criteria, as in most disputes over liability insurance coverage, are clearly satisfied in this case—declaratory judgment would require one insurer to pay Mr. Coffman's claim and relieve the other insurer from such payments.

However, these two criteria listed above are not the end of the Court's inquiry.

> [w]hen a federal court is confronted with an insurer's request for a declaratory judgment on coverage issues during the pendency of related litigation in the state courts, its discretion must be guided not only by the [above two] criteria [ ], which focus on the general utility of the declaratory relief sought, but also by the same considerations of federalism, efficiency, and comity that traditionally inform a federal court's discretionary decision whether

to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts.

*Nautilus Insurance Company,* 15 F.3d at 376. Specifically, the federal court should consider:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; and (iii) whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems. . . .

*Id.* at 377 (internal citations omitted). Additionally, the federal court should consider "whether the declaratory action is being used merely as a device for 'procedural fencing'— that is, 'to provide another forum in a race for *res judicata*' or 'to achiev[e] a federal hearing in a case otherwise not removable.' " *Id.* (quoting 6A *Moore's Federal Practice,* 57.08[5] ). The Court will consider these factors individually.

First, it does not appear at this point that North Carolina's interest in having the ultimate issue in this case decided by a North Carolina court is particularly strong. To be sure, North Carolina has an interest in administering its own workmen's compensation system—deciding whether an injured worker's claim falls under the North Carolina Act, and if so whether and to what extent he will be compensated. However, the question of who must ultimately pay Mr. Coffman's claim is not central to the workmen's compensation scheme, and North Carolina has no greater interest in this particular litigation than it does in any other litigation. *Cf., U.S. Underwriters Insurance Co. v. Liberty Mutual Insurance Co.,* 1995 WL 355247 at *3 (E.D.Pa. 1995). The fact that there may be some overlap between the issues in this case and the case before the Commission does not mandate abstention. Moreover, the Court has no reason to believe that this case will turn on "close," "problematic," or "difficult" questions of state law that would best be left for decision by a North Carolina tribunal.

*Cf. Nautilus Insurance Company,* 15 F.3d at 377 (quoting *Mitcheson*).

Second, it does not appear that the issues raised in this action can more efficiently be resolved in a North Carolina forum, nor does it appear that permitting this action to go forward would result in unnecessary "entanglement" between federal and state court systems. For, as noted above, the Court must decide the *quantum meruit* claim regardless of whether it decides the declaratory claim, and each claim appears to turn on nearly identical considerations. Moreover, it is not at all clear that the ultimate issue in this case may be decided in the action before the Commission (see discussion on the Commission's jurisdiction, *supra*), nor have all the parties in this federal suit been joined in that action. Thus, abstaining from the declaratory claim would not be more efficient nor would it reduce any "entanglement" already necessitated in deciding the *quantum meruit* claim.

Finally, the Court does not have any reason to believe that the declaratory claim is brought for the purpose of racing to *res judicata*, or for securing a federal forum for an unremovable matter. The parties in the two actions are different, as are the ultimate issues.

Therefore, having informed its discretion by considering the above factors, the Court finds that it has jurisdiction to hear TIG's declaratory judgment claim and that it should exercise such jurisdiction. Deaton's motion to dismiss will be denied accordingly.

**NOW, THEREFORE, IT IS ORDERED** that Defendant Deaton's motion to dismiss [Document # 5] be, and hereby is, **DENIED.**