NO. COA13-1279

NORTH CAROLINA COURT OF APPEALS

Filed:  5 August 2014

JOHN SALVIE,
    Employee,
    Plaintiff
                        North Carolina
                        Industrial Commission
                        I.C. Nos. 487070, PH-2835

    v.

MEDICAL CENTER PHARMACY
OF CONCORD, INC.,
    Employer,

AIMCO MUTUAL INSURANCE COMPANY,
    Carrier;

    and/or

ACTION DEVELOPMENT COMPANY, LLC,
    Alleged Employer,
    NONINSURED,

    and

MITCHELL W. WATTS,
    Individually,
    Defendants.


Appeal by defendant AIMCO Mutual Insurance Company from Opinion and Award entered 9 August 2013 by the North Carolina Industrial Commission.  Heard in the Court of Appeals 6 March 2014.

    *Prather Law Firm, P.C., by J.D. Prather, for defendant-appellant.*

*Smith Law Firm, P.C., by John Brem Smith, for defendants-appellees Medical Center Pharmacy, LLC and Action Development Company, LLC.*

DAVIS, Judge.

AIMCO Mutual Insurance Company ("AIMCO") appeals from the Opinion and Award of the North Carolina Industrial Commission dismissing its claims and awarding Action Development Company, LLC ("Action Development") and Mitchell Watts ("Mr. Watts") attorneys' fees. On appeal, AIMCO contends that the Commission erred in (1) concluding that it lacked jurisdiction over AIMCO's claims; and (2) awarding attorneys' fees to Action Development and Mr. Watts pursuant to N.C. Gen. Stat. § 97-88.1. After careful review, we affirm in part and dismiss the appeal in part.

**Factual Background**

On 20 January 2004, John Salvie ("Plaintiff") suffered a compensable injury by accident to his back while delivering medical equipment. Medical Center Pharmacy of Concord, Inc. ("Medical Center Pharmacy") filed a Form 60 admitting Plaintiff's right to compensation and paid temporary total disability benefits to him. Plaintiff subsequently settled his claim with AIMCO, Medical Center Pharmacy's insurance carrier,

in an Agreement of Final Settlement and Release on 5 January 2011. The Industrial Commission approved the settlement by order filed 31 January 2012. Plaintiff's right to workers' compensation benefits is not at issue in this case, and he is not a party to this appeal.

AIMCO initiated the present action in the Industrial Commission by filing a Form 33 request for a hearing on whether AIMCO's admission of liability for Plaintiff's workers' compensation benefits had been caused by either (1) mutual mistake of the parties; or (2) fraud or misrepresentation on the part of Medical Center Pharmacy or its owner, Mr. Watts. AIMCO also sought a determination as to whether Plaintiff was a joint or lent employee of Action Development[1] or of Mr. Watts individually. AIMCO alleged that because Plaintiff performed most of his work for Action Development and was jointly employed by Action Development and Medical Center Pharmacy at the time of his injury, Action Development was "jointly liable for the workers' compensation benefits paid [to Plaintiff] under the legal theory of 'lent' employment."

The matter came on for hearing on 25 June 2012 before Deputy Commissioner Adrian Phillips. Deputy Commissioner

---

[1] Action Development is a real estate holding company and — like Medical Center Pharmacy — is owned by Mr. Watts.

Phillips filed an opinion and award on 17 January 2013 concluding that (1) the Commission lacked jurisdiction "over what is now a dispute between an insurer, AIMCO, and its insured regarding premium fraud"; (2) Action Development was not subject to the Workers' Compensation Act because it did not employ the requisite number of employees; and (3) Action Development and Mr. Watts were entitled to attorneys' fees pursuant to N.C. Gen. Stat. § 97-88.1. AIMCO appealed to the Full Commission, and on 9 August 2013, the Commission entered its Opinion and Award affirming Deputy Commissioner Phillips' decision. AIMCO gave timely notice of appeal to this Court.

## Analysis

### I. Jurisdiction of the Industrial Commission

AIMCO argues that the Industrial Commission erred in determining that it lacked jurisdiction over AIMCO's claims against Action Development and Mr. Watts. We disagree.

The Industrial Commission is not a court of general jurisdiction. Rather, it is a quasi-judicial administrative board created to administer the Workers' Compensation Act and has no authority beyond that conferred upon it by statute. *Cornell v. W. & S. Life Ins. Co.*, 162 N.C. App. 106, 108, 590 S.E.2d 294, 296 (2004). The Workers' Compensation Act

specifically "relates to the rights and liabilities of employee and employer by reason of injuries and disabilities arising out of and in the course of the employment relation. Where that relation does not exist the Act has no application." *Bryant v. Dougherty*, 267 N.C. 545, 548, 148 S.E.2d 548, 551 (1966).

When reviewing an Opinion and Award, the jurisdictional facts found by the Commission are not conclusive even if there is evidence in the record to support such findings. *Terrell v. Terminix Servs., Inc.*, 142 N.C. App. 305, 307, 542 S.E.2d 332, 334 (2001). Instead, "reviewing courts are obliged to make independent findings of jurisdictional facts based upon consideration of the entire record." *Id.*

Here, it is undisputed that — as the Commission determined in finding of fact 26 — "Plaintiff does not have a stake in the current case." Therefore, because AIMCO's claim does not implicate the rights of Plaintiff (the injured employee) and instead merely seeks a determination of whether Action Development or Mr. Watts should be required to reimburse AIMCO for some portion of the benefits already paid to Plaintiff, we affirm the Commission's determination that it lacked jurisdiction over the matter.

In so holding, we are guided by our Supreme Court's decision in *Clark v. Gastonia Ice Cream Co.*, 261 N.C. 234, 134 S.E.2d 354 (1964). In *Clark*, an employee filed a workers' compensation claim against his employer, Gastonia Ice Cream Company ("the Company"), claiming that he had suffered a compensable injury by accident on 3 May 1960. *Id.* at 234, 134 S.E.2d at 355. The Company asserted that on the date of the employee's injury it was covered by an insurance policy issued by Lumbermens Mutual Casualty Company ("Lumbermens") and moved for Lumbermens to be made a party to the proceeding. *Id.* at 234-35, 134 S.E.2d at 355-56. The Company introduced evidence at the hearing before the deputy commissioner tending to show that Lumbermens had agreed to issue a policy beginning 20 April 1960 despite the fact that the written policy stated that the policy period was from 9 May 1960 to 1 June 1961. *Id.* at 237, 134 S.E.2d at 357-58. After concluding that the employee had suffered a compensable injury, the Commission determined that it possessed jurisdiction to determine the respective liabilities of the Company and Lumbermens and concluded that the Company was not covered by the policy on the date the employee's injury occurred. *Id.* at 237, 134 S.E.2d at 357.

Our Supreme Court held that the Commission lacked jurisdiction to determine the rights and liabilities between the Company and Lumbermens and set aside the Commission's findings and conclusions on that issue. *Id.* The Court explained that the Commission is an administrative board with "limited jurisdiction created by statute and confined to its terms," and consequently, whether the Commission had jurisdiction over the Company's action to recover from Lumbermens the payments it was required to make to the employee "depend[ed] solely upon whether such jurisdiction was conferred by statute." *Id.* at 238, 134 S.E.2d at 358 (citation and quotation marks omitted).

The Supreme Court then determined that N.C. Gen. Stat. § 97-91 — which gives the Commission jurisdiction to decide questions arising under the Workers' Compensation Act — did not confer upon the Commission jurisdiction over an indemnity dispute that was not germane to the employee's right to compensation. The Court reasoned that questions arising under the Act "would seem to consist primarily, if not exclusively, of questions for decision in the determination of rights asserted by or on behalf of an injured employee or his dependents." *Id.* at 240-41, 134 S.E.2d at 360. The Court explained that, as a general rule,

> when it is ancillary to the determination of the employee's rights, the . . . [C]ommission has authority to pass upon a question relating to the insurance policy, including fraud in procurement, mistake of the parties, reformation of the policy, cancellation, and construction of extent of coverage. . . . On the other hand, when the rights of the employee in a pending claim are not at stake, many commissions disavow jurisdiction and send the parties to the courts for relief. This may occur when the question is purely one between two insurers, one of whom alleges that he has been made to pay an undue share of an award to a claimant, the award itself not being under attack. Or it may occur when the insured and insurer have some dispute entirely between themselves about the validity or coverage of the policy or the sharing of the admitted liability.

*Id.* at 239-40, 134 S.E.2d at 359 (citation and quotation marks omitted). The Supreme Court concluded that the Workers' Compensation Act neither expressly nor impliedly gives the Commission jurisdiction to decide matters that are purely between an employer and its insurer and that do not impact the rights of the injured employee. *Id.* at 240, 134 S.E.2d at 359.

This principle was further applied in *TIG Ins. Co. v. Deaton, Inc.*, 932 F.Supp. 132 (W.D.N.C. 1996).[2] In that case,

---

[2] "With regard to matters of North Carolina state law, neither this Court nor our Supreme Court is bound by the decisions of federal courts, including the Supreme Court of the United States, although in our discretion we may conclude that the reasoning of such decisions is persuasive." *Davis v. Urquiza*,

TIG Insurance Company ("TIG"), one of the insurance carriers for an injured employee's employer, filed an action against the employer seeking the recovery of benefits that TIG had paid to the injured employee. *Id.* at 135. The employer moved to dismiss the claim, arguing that the North Carolina Industrial Commission had exclusive jurisdiction to hear the case. *Id.* at 136. Citing *Clark*, the federal district court rejected the employer's argument, stating that

> [i]n the case at bar, the dispute is essentially over who must pay [the employee's] claim, not whether or how much [the employee] will be paid. Therefore, this dispute is not "ancillary to the determination of the employee's right" but wholly distinct from it. There is no indication in the record that a decision in this case will in any way effect whether or how much [the employee] will receive on his claim. Thus it appears to this Court that, under the previous rulings of the North Carolina Supreme Court, the Industrial Commission does not have any jurisdiction to hear this case, let alone exclusive jurisdiction.

*Id.* at 137.

We find the reasoning in *TIG* persuasive and a correct application of our Supreme Court's decision in *Clark*. As in *TIG*, the insurance provider here, AIMCO, is seeking the

---

___ N.C. App. ___, ___, n. 1, 757 S.E.2d 327, 331, n. 1 (2014) (citation and quotation marks omitted).

reimbursement of benefits that it paid to an injured employee, Plaintiff. Plaintiff's right to workers' compensation benefits (and the amount of benefits to which he is entitled) has already been decided and the dispute now is "over who must pay [Plaintiff's] claim." *Id.* As such, we hold that the Commission properly concluded that it did not possess jurisdiction over this dispute.[3]

## II. Attorneys' Fees

AIMCO next argues that the Commission erred in concluding that it brought the present claim without reasonable grounds in violation of N.C. Gen. Stat. § 97-88.1 such that Action Development and Mr. Watts were entitled to the recovery of attorneys' fees. However, although the Commission concluded that an award of attorneys' fees was appropriate, it has not yet ordered the specific amount to be awarded. In its Opinion and Award, the Commission stated as follows:

> AIMCO Mutual Insurance Company shall pay attorney's fees to counsel for Action Development Company, LLC and Mitchell Watts. Counsel for Action Development Company, LLC and Mitchell Watts shall submit to the Full Commission an Affidavit and itemized

---

[3] Because we conclude that the Commission lacked jurisdiction based on the fact that Plaintiff's rights under the Workers' Compensation Act were not at stake, we do not reach the issue of whether Action Development employed the requisite number of employees to be subject to the Act.

> statement of time expended defending AIMCO's claim for assessment of a reasonable attorney's fee.

Consequently, this portion of the appeal is interlocutory. *See Medlin v. N.C. Specialty Hosp., LLC*, ___ N.C. App. ___, ___, 756 S.E.2d 812, 821 (2014) (dismissing portion of appeal concerning award of attorneys' fees as interlocutory where trial court reserved ruling on amount of award and appellant failed to argue that award of attorneys' fees affected substantial right).

We note that the unresolved issue of the specific amount of attorneys' fees to be awarded does not render AIMCO's *entire* appeal interlocutory. *See Duncan v. Duncan*, 366 N.C. 544, 546, 742 S.E.2d 799, 801 (2013) (holding that order may be final for purposes of appeal "even when the trial court reserves for later determination collateral issues such as attorney's fees and costs"). However, we have previously held that this Court will not consider an appeal of an attorneys' fees award until the specific amount of the award has been determined by the trial tribunal. *See Triad Women's Center, P.A. v. Rogers*, 207 N.C. App. 353, 358, 699 S.E.2d 657, 660 (2010) ("[A]n appeal from an award of attorneys' fees may not be brought until the trial court has finally determined the amount to be awarded."). Otherwise, as we explained in *Triad*,

> we would be required to visit the attorneys' fees issue twice: one appeal addressing, in the abstract, whether [the party] may recover attorneys' fees at all and, if we upheld the first order, a second appeal addressing the appropriateness of the actual monetary award.

*Id.* Accordingly, while we possess jurisdiction over the first issue raised by AIMCO in this appeal, we must dismiss for lack of appellate jurisdiction the portion of AIMCO's appeal challenging the Industrial Commission's determination that an award of attorney's fees was appropriate. *Id.*

### Conclusion

For the reasons stated above, we (1) affirm the Industrial Commission's Opinion and Award concluding that it lacked jurisdiction over AIMCO's claims; and (2) dismiss the portion of AIMCO's appeal challenging the Commission's conclusion that Action Development and Mr. Watts were entitled to recover attorneys' fees.

AFFIRMED IN PART; DISMISSED IN PART.

Judges CALABRIA and STROUD concur.