IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-896

Filed 21 May 2024

Catawba County, No. 22 CVS 2821

ANDREW ALDERETE, Plaintiff,

v.

SUNBELT FURNITURE XPRESS, INC., Defendant.

Appeal by defendant from order entered 6 June 2023 by Judge Gregory Hayes in Catawba County Superior Court. Heard in the Court of Appeals 19 March 2024.

*Cromer Babb & Porter, LLC, by Jacob Modla, for plaintiff-appellee.*

*Hedrick Gardner Kincheloe & Garofalo LLP, by M. Duane Jones, G. Anderson Stein, and Mary K. Harris, for defendant-appellant.*

THOMPSON, Judge.

Sunbelt Furniture Xpress, Inc. (defendant) appeals from the trial court's order denying, *inter alia*, its Rule 12(b)(1) motion to dismiss Andrew Alderete's (plaintiff) complaint for lack of subject matter jurisdiction. After careful review, we affirm the trial court's order denying defendant's Rule 12(b)(1) motion to dismiss.

## I. Factual Background and Procedural History

Plaintiff was hired by defendant on 8 December 2019. Plaintiff was employed as a warehouse worker in the Hickory, North Carolina, facility (Hickory facility), wherein his job was to load and unload trucks. Defendant also employed prison

inmates, who were part of the North Carolina Department of Corrections prison work-release program, to work in the Hickory facility.[1]

After plaintiff began his employment, defendant's management assigned Danni Billips, an inmate who was part of the work-release program, to train plaintiff on his duties and responsibilities. Between 8 December 2019 and 22 December 2019, plaintiff alleges that he observed Billips intoxicated at work. Plaintiff alleges that on 22 December 2019, he smelled alcohol on Billips and that Billips was staggering as he walked.[2] On that same day, plaintiff alleges that Billips lured him to an unoccupied loading bay and demanded that plaintiff perform a sex act on Billips. Plaintiff further alleges that when he initially rejected Billips' demand, Billips repeated several times, "do it or I will f\*\*king kill you," which made plaintiff fearful for his life.

Plaintiff alleges he was isolated and alone with Billips in the loading bay, and that Billips physically restrained plaintiff and forced plaintiff to perform a sex act on Billips. When the alleged sex act ended, plaintiff avers that Billips instructed plaintiff to meet him "later that night" in a different loading bay so that Billips "could continue

---

[1] Defendant contends that the inmates it employed through the work-release program were deemed "suitable for work release among civilians without security or guards" by the North Carolina Department of Corrections, and "that it explicitly declined to accept" any inmates that had pled guilty to or had been convicted of any sex offense.

[2] Defendant admitted in its Answer that, "employees of [d]efendant stated that they had smelled the odor of alcohol about Billips' person on the night of [22 December] 2019."

and complete the sex act." Plaintiff purports that he never consented to having any physical contact with Billips, and that Billips' conduct was unwelcome.

Following the alleged sexual assault, plaintiff left work and reported the same to the Hickory Police Department (HPD) and filed charges against Billips. HPD subsequently conducted an investigation.

On 15 December 2022, plaintiff filed a complaint against defendant alleging negligent supervision. In response to plaintiff's complaint, defendant filed several motions and an answer. On 30 May 2023, a hearing was held in Catawba County Superior Court on defendant's motions to dismiss, partial motion to dismiss, and motion to strike. By order entered 6 June 2023, the trial court denied defendant's motions. On 28 June 2023, defendant filed timely written notice of appeal from the trial court's order denying its motions.

## II. Discussion

On appeal, defendant contends that the trial court erred in denying its motion to dismiss for lack of subject matter jurisdiction because "the [North Carolina] Industrial Commission has exclusive jurisdiction over this matter." We do not agree.

## A. Appellate jurisdiction

A trial court's order denying a defendant's Rule 12(b)(1) motion to dismiss is not a final order; instead, it is interlocutory. *Marlow v. TCS Designs, Inc.*, 288 N.C. App. 567, 570, 887 S.E.2d 448, 452 (2023). "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Id.* at 571, 887 S.E.2d at 452

(citation omitted). "However, an interlocutory order may be immediately appealable if it affects a substantial right." *Id*. The denial of a Rule 12(b)(1) motion based on the exclusivity provision of the North Carolina Workers' Compensation Act (the Act) affects a substantial right, and thus, an order denying a Rule 12(b)(1) motion based on the exclusivity provision of the Act is immediately appealable. *Id*.

In the present matter, defendant filed, *inter alia*, a Rule 12(b)(1) motion to dismiss contending that the trial court lacked subject matter jurisdiction over this matter due to the exclusivity provision of the Act. The trial court denied defendant's motions. Therefore, defendant's Rule 12(b)(1) motion to dismiss based on the exclusivity provision of the Act is properly before us on appeal.

**B.      Standard of review**

"A Rule 12(b)(1) motion to dismiss represents a challenge to the trial court's subject matter jurisdiction over a plaintiff's claims." *Id*. at 572, 887 S.E.2d at 452. "Subject matter jurisdiction refers to the power of the court to deal with the kind of action in question." *Id*. (citation omitted). "The trial court need not confine its evaluation of a Rule 12(b)(1) motion to the face of the pleadings, but may review or accept any evidence, such as affidavits, or it may hold an evidentiary hearing." *Id*. at 572, 887 S.E.2d at 452–53 (internal quotation marks and citation omitted). This Court reviews a trial court's order on a Rule 12(b)(1) motion to dismiss de novo. *Id*. at 572, 887 S.E.2d at 453.

**C.      Workers' Compensation Act**

As an initial matter, we must determine if defendant is subject to the provisions of the Act, and if so, whether defendant has complied with the provisions of the Act.

"The superior court is a court of general jurisdiction and has jurisdiction in all actions for personal injuries caused by negligence, except where its jurisdiction is divested by statute." *Id.* (internal brackets and citation omitted). "By statute the superior court is divested of original jurisdiction of all actions which come within the provisions of the Workers' Compensation Act." *Id.* (internal brackets and citation omitted). "Where an employee and their employer are subject to and have complied with the provisions of the Act, the rights and remedies granted to the employee under the Act exclude all other rights and remedies of the employee." *Id.*

Here, there is no dispute that defendant was subject to the Act at the time of the incident. Defendant held a workers' compensation and employers' liability insurance policy at the time of the incident, and there is no indication that defendant was not in compliance with the provisions of the Act. Thus, defendant is subject to the Act.

## D.  **Jurisdiction pursuant to the Act**

Next, we must look to the cause of action to determine if it comes within the provisions of the Act such that the Industrial Commission has exclusive jurisdiction over this matter. In its brief, defendant contends that, "it is the intent, and has always been the intent, of the legislature that *all* workplace injuries be adjudicated through

the North Carolina Industrial Commission and not in our civil courts." (Emphasis added). We do not agree.

Defendant's assertion that the Industrial Commission hears "*all* workplace injur[y]" cases, casts an overly broad net regarding the jurisdiction of the Industrial Commission. This Court has held that, "[t]he Industrial Commission is not a court of general jurisdiction. Rather, it is a quasi-judicial administrative board created to administer the Workers' Compensation Act and has no authority beyond that conferred upon it by statute." *Salvie v. Med. Ctr. Pharm. of Concord, Inc.*, 235 N.C. App. 489, 491, 762 S.E.2d 273, 275 (2014). "The Workers' Compensation Act specifically relates to the rights and liabilities of employee and employer by reason of injuries and disabilities *arising out of and in the course of the employment relation*." *Id*. (emphasis added). And this Court has made it clear that, "[w]here that relation does not exist[,] the Act has no application." *Id.* at 491, 762 S.E.2d at 275–76. Therefore, when an employer is subject to the Act, the Industrial Commission only has exclusive jurisdiction over injuries that "arise out of and in the course of the employment," not *all* workplace injuries.

To determine whether the cause of action in the present case comes within the provisions of the Act—that is, whether it arises out of and in the course of employment—we must apply the "applicability test." *See Marlow*, 288 N.C. App. at 572, 887 S.E.2d at 453 (establishing the test). Under the applicability test, "[a]n action comes within the provisions of the Act if: (1) the injury was caused by an

accident; (2) the injury was sustained in the course of employment; and (3) the injury arose out of the employment." *Id*. In the present matter, the cause of action is "negligent supervision," but the injury giving rise to this cause of action is sexual assault committed against plaintiff by another employee of defendant. Therefore, we must first determine whether plaintiff's injury was caused by accident.

Finally, it is important to note that "[b]ecause these claims arise upon defendant['s] motions to dismiss, we treat plaintiff['s] factual allegations . . . as true." *Stone v. N.C. Dep't. of Labor*, 347 N.C. 473, 477, 495 S.E.2d 711, 713 (1998). Thus, for the purposes of this appeal, we will treat the factual allegations found in plaintiff's complaint as true.

### a.     *Was the injury caused by an accident?*

The Act is found in Chapter 97 of the North Carolina General Statutes. N.C. Gen. Stat. § 97 (2023). Under N.C. Gen. Stat. § 97-2, our legislature has provided definitions to aid in the interpretation of the provisions of the Act. "Injury," for the purposes of the Act "shall mean only injury by accident arising out of and in the course of the employment . . . ." N.C. Gen. Stat. § 97-2(6). However, the statute does not define 'accident.' And although our Supreme Court has made it clear that sexual assault is an intentional tortious act, *Medlin v. Bass*, 327 N.C. 587, 594, 398 S.E.2d 460, 464 (1990), "[i]njuries resulting from an assault are caused by 'accident' within the meaning of the Act when, from the employee's perspective, the assault was

unexpected and was without design on [his] part." *Culpepper v. Fairfield Sapphire Valley*, 93 N.C. App. 242, 247, 377 S.E.2d 777, 780 (1989) (emphasis omitted).

Here, "treat[ing] plaintiff's factual allegations . . . as true," *Stone*, 347 N.C. at 477, 495 S.E.2d 713, we conclude that the sexual assault constituted an accident for purposes of the Act, because, from plaintiff's "perspective, the assault was unexpected and without design on [plaintiff's] part." *Culpepper*, 93 N.C. App. at 247, 377 S.E.2d at 780 (emphasis omitted); *see also Stack v. Mecklenburg County*, 86 N.C. App. 550, 554, 359 S.E.2d 16, 18 (1987) (holding that the plaintiff's alleged injury, another intentional tort, "rape[,]" constituted an accident for the purposes of the Act). Thus, we conclude that, in this context, plaintiff's injury was an accident.

Next, we must determine whether plaintiff's injury "was sustained in the course of employment" and "arose out of the employment." *Marlow*, 288 N.C. App. at 572, 887 S.E.2d at 453.

### b.    *Did the injury arise out of and in the course of employment?*

This Court has indicated that, "while the 'arising out of' and 'in the course of' elements are distinct tests, they are interrelated and cannot be applied entirely independently." *Culpepper*, 93 N.C. App. at 247–48, 377 S.E.2d at 781. "The words 'arising out of the employment' refer to the origin or cause of the accidental injury." *Id*. at 248, 377 S.E.2d 781 (internal ellipses omitted). Our Supreme Court has held that

> [a]n accident occurring during the course of an employment, however, does not *ipso facto* arise out of it. The term "arising out of the employment" is not susceptible of any all-inclusive definition, but it is generally said that an injury arises out of the employment when it is a natural and probable consequence or incident of the employment and a natural result of one of its risks, so there is some causal relation between the injury and the performance of some service of the employment.

*Robbins v. Nicholson*, 281 N.C. 234, 238–39, 188 S.E.2d 350, 354 (1972) (internal quotation marks and citation omitted).

*Culpepper* illustrates the "causal relation between the injury and the performance of some service of the employment." *Robbins*, 281 N.C. at 238–39, 188 S.E.2d at 354 (citation omitted). In *Culpepper*, the plaintiff was a cocktail waitress at the defendant's mountain resort, and she filed a workers' compensation claim against the defendant. *Culpepper,* 93 N.C. App. at 243, 377 S.E.2d at 778. The record indicated that, as part of her job, the plaintiff was "to be very cordial and friendly and nice and to *offer any assistance that she could* to members and guests since most of the people coming up there were looking at buying property at the resort." *Id.* at 244, 377 S.E.2d at 779 (emphasis in original) (internal quotation marks and brackets omitted). One night after work, as the plaintiff was traveling on a resort road, she noticed a car stopped on the side of the road. *Id.* at 245, 377 S.E.2d at 779. As the plaintiff got closer, she noticed a guest—who had made the plaintiff uncomfortable on several occasions by making unwelcomed advances towards her—standing in the road, waving his arms with the hazard lights flashing on his vehicle. *Id.* The plaintiff

stopped and asked the guest if he needed assistance. *Id.* However, the guest's car trouble was merely a ruse to get the plaintiff to stop for him; the guest subsequently kidnapped and sexually assaulted the plaintiff, who suffered several injuries as a result of the incident. *Id.*

In relevant part, this Court held that the plaintiff's injuries "arose out of her employment because the injuries were causally connected to her employment, [because] the nature of her job increased the risk of sexual assault, and her act of stopping to assist a guest was of appreciable benefit to her employer." *Id.* at 254, 377 S.E.2d at 784. In so holding, this Court indicated that, "the only reason [plaintiff] stopped on the resort road—particularly since she felt uncomfortable around [the guest]—was to offer a guest assistance, as her employer instructed her to do." *Id.* at 248, 377 S.E.2d at 781.

Returning to the present case, it is uncontested that plaintiff's injury was sustained in the course of employment. Plaintiff's complaint alleged that on 22 December 2019, immediately following the sexual assault, he left the workplace and reported the assault to HPD and filed charges against Billips. Defendant concedes that on 22 December 2019, "sometime after plaintiff left the facility prior to the end of his regularly scheduled shift," HPD arrived at defendant's facility. Therefore, the second prong, whether the injury was sustained in the course of employment, is satisfied. *Marlow*, 288 N.C. App. at 572, 887 S.E.2d at 453.

Nevertheless, as noted above, "an accident occurring during the course of an employment, however, does not *ipso facto* arise out of it." *Robbins*, 281 N.C. at 238, 188 S.E.2d at 354. Moreover, "intentional tortious acts are rarely considered to be within the scope of an employee's employment." *Medlin*, 327 N.C. at 594, 398 S.E.2d at 464 (internal brackets and citation omitted). Rather, when an intentional tortious act such as an assault occurs at the workplace but "the assault was not for the purpose of doing anything related to the duties of the employee, but was for some undisclosed, personal motive[,] [i]t cannot, therefore, be deemed an act of his employer." *Id.* (internal brackets, ellipses, and citation omitted).

Here, unlike in *Culpepper*, the "origin or cause" of plaintiff's injury is not related to the performance of the services required of him as an employee, *Culpepper*, 93 N.C. App. at 248, 377 S.E.2d at 781, as plaintiff was hired exclusively to load and unload trucks. Moreover, Billips' sexual assault of plaintiff was not "in furtherance of [defendant's] business and for the purpose of accomplishing the duties of employment[,]" *Phelps v. Vassey*, 113 N.C. App. 132, 135, 437 S.E.2d 692, 695 (1993) (citation omitted), but was the result of Billips departing from his employment duties to accomplish an "undisclosed, personal motive" that was not incidental to Billips' job. *Medlin*, 327 N.C. at 594, 398 S.E.2d at 464.

Consequently, we conclude that the Industrial Commission does not have jurisdiction over plaintiff's complaint because although plaintiff's injury was sustained in the course of his employment under the second prong of the applicability

- 11 -

test, it did not *arise* out of plaintiff's employment under the third prong of the applicability test. For the Industrial Commission to have exclusive jurisdiction over plaintiff's complaint, plaintiff's injury must have "arise[n] out of **and** in the course of the employment relation[,]" and "[w]here that relation does not exist[,] the Act has no application." *Salvie*, 235 N.C. App. at 491, 762 S.E.2d at 275–76. For this reason, the trial court did not err in denying defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

### III.   Conclusion

We conclude that plaintiff's cause of action does not come within the provisions of the Act because, although plaintiff's injury was an "accident"—for the purposes of the Act—and it occurred in the course of employment, plaintiff's injury did not arise out of his employment with defendant. Therefore, the exclusivity provision of the Act does not apply to this case. For these reasons, we hold that the trial court did not err in denying defendant's Rule 12(b)(1) motion to dismiss.

AFFIRMED.

Judges HAMPSON and GRIFFIN concur.